COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


ANTONAUS MAURICE WEBB

                                            OPINION BY
v.    Record No. 2179-98-3            JUDGE RICHARD S. BRAY
                                         FEBRUARY 8, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                Mosby G. Perrow, III, Judge

        Thomas S. Leebrick for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Antonaus Maurice Webb (defendant) was convicted by a jury in

a bifurcated trial of malicious wounding, use of a firearm in the

commission of a felony, discharging a firearm in a motor vehicle,

and shooting at an occupied motor vehicle.  On appeal, he

complains that the trial court erroneously permitted the

Commonwealth to prove during the sentencing phase that defendant

had previously been found guilty, though not sentenced, for three

unrelated criminal offenses, and, additionally, had violated the

terms of a probationary sentence.  We agree that the jury was

improperly permitted to consider the three offenses and,

therefore, reverse and remand for resentencing.

The relevant procedural history is uncontroverted. Immediately preceding the sentencing phase of trial, defendant objected to the introduction into evidence of an order previously entered in an unrelated prosecution finding him guilty for possessing cocaine with intent to distribute, possessing marijuana, and impeding a law enforcement officer. Although these offenses were included as "convictions" in a notification letter provided defendant by the Commonwealth pursuant to Code § 19.2-295.1, the court had not imposed attendant sentences. Defendant, therefore, argued that no final order of conviction had been entered on such prosecutions.

Defendant also objected to the introduction of a second unrelated order which memorialized a prior violation of probation. Although the Commonwealth had properly advised defendant of its intention to introduce evidence of the underlying conviction, the notice made no mention of the subsequent violation order. Defendant contends that such violation was tantamount to a "felony conviction" and, therefore, likewise subject to notice from the Commonwealth pursuant to Code § 19.2-295.1.

In addition to the prior orders in issue, the Commonwealth presented uncontroverted evidence at sentencing of nine criminal convictions, including two each for grand larceny and possession of cocaine, and one each for possession of a firearm while in possession of cocaine, burglary, breaking and entering, assault

-

and battery and failure to appear.  These convictions dated from December, 1987, to the most recent, the failure to appear in March, 1998.

II.

Code § 19.2-295.1 provides, inter alia, that "the Commonwealth shall present the defendant's criminal convictions by . . . copies of the record of conviction" during the sentencing phase of a bifurcated trial.  "The Commonwealth shall provide to the defendant fourteen days prior to trial notice of its intention to introduce evidence of [such] prior criminal convictions," including "(i) the date of each conviction, (ii) the name and jurisdiction of the court where each prior conviction was had, and (iii) each offense of which he was convicted."  Code § 19.2-295.1. "The language of the statute is clear and its intent plain.  As adopted by the legislature, the statute limits the introduction of evidence by the Commonwealth to charges for which a defendant has been convicted."  Byrd v. Commonwealth, 30 Va. App. 371, 374, 517 S.E.2d 243, 244 (1999).

In Smith v. Commonwealth, 134 Va. 589, 113 S.E. 707 (1922), the Supreme Court of Virginia acknowledged that "conviction" has been "differently defined" through the years and instructed that

> "where the reference is to the ascertainment
> of guilt in another proceeding, in its
> bearings upon the status or rights of the
> individual in a subsequent case, . . . a
> broader meaning attaches to the expressions
> [conviction or convicted], and a
> 'conviction' is not established, or a person

-

> deemed to have been 'convicted' unless it is
> shown that a judgment has been pronounced
> upon the verdict."

Id. at 598, 113 S.E. at 709 (citation omitted). Recently, in

Ramdass v. Commonwealth, 248 Va. 518, 480 S.E.2d 360 (1994), the

Court revisited the term and, citing Smith with approval,

concluded that a jury verdict "cannot be considered as a

conviction," absent "[j]udgment . . . entered on [the] verdict."

Id. at 520, 480 S.E.2d at 361 (guilty verdict was not a

conviction rendering defendant ineligible for parole).  Guided

by Ramdass, we concluded in Batts v. Commonwealth, 30 Va. App.

1, 515 S.E.2d 307 (1999), that a "jury's verdict . . . was not a

final conviction without the entry of the sentencing order[.]"

Id. at 12, 515 S.E.2d at 313.

It is, therefore, now well established in our jurisprudence

that a "conviction" ordinarily embraces both an adjudication of

guilt and a related sentence, thus concluding a prosecution by

final order.  Such interpretation is especially compelling in

the context of jury sentencing pursuant to Code § 19.2-295.1,

which expressly requires the Commonwealth to provide the jury

with a defendant's "record of convictions" for consideration in

determining an appropriate punishment.  "[T]he legislature

incorporated the term 'record of conviction' into Code

§ 19.2-295.1 aware that its meaning includes both conviction and

punishment, thereby intending to assist the jury in fashioning a

sentence suitable both to [the] defendant and the offense."

-

Gilliam v. Commonwealth, 21 Va. App. 519, 524, 465 S.E.2d 592, 595 (1996); see also Brooks v. Commonwealth, 24 Va. App. 523, 532-33, 484 S.E.2d 127, 131 (1997).

Thus, the trial court in the instant proceeding erroneously permitted the jury to consider, as convictions for purposes of fixing punishment, three offenses for which defendant had previously been found guilty, but not sentenced, incomplete "records of conviction" not contemplated by Code § 19.2-295.1. Contrary to the Commonwealth's argument, such error was not harmless.

It is well established that, absent a curative instruction, non-constitutional error is presumed prejudicial, unless "'it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (emphasis omitted) (quoting Code § 8.01-678). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Id. "The effect of an error on a verdict varies widely 'depending upon the circumstances of the case.' Each . . . must . . . be analyzed individually to determine if an error has affected the verdict." Id. at 1009, 407 S.E.2d at 913 (citation omitted).

-

Upon review of subject record, we are unable to conclude that it "plainly appears" that the sentences in dispute were unaffected by consideration of the three offenses by the jury. "[T]he bifurcated procedure established in Code § 19.2-295.1 clearly manifests a legislative intent to provide juries with information specific only to sentencing[.]" Gilliam, 21 Va. App. at 525, 465 S.E.2d at 595. "[T]he prior criminal convictions of a felon, including previous efforts to rehabilitate, '"bear upon a tendency to commit offenses, the probabilities of rehabilitation, and similar factors"' indispensable to the determination of an appropriate sentence." Id. at 524, 465 S.E.2d at 595 (citations omitted). We cannot at once reason that such considerations promote enlightened sentencing and dismiss as harmless the prejudicial effects of inadmissible, although facially relevant, evidence pertaining to sentencing issues.

Accordingly, we reverse the sentencing order and remand the proceedings to the trial court for resentencing pursuant to Code § 19.2-295.1 and this opinion.[1]

Reversed and remanded.

_____

[1] We expressly decline to address the Commonwealth's failure to provide defendant notice of the probation violation because such issue will not arise upon resentencing.

-