COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Clements and Agee
Argued at Salem, Virginia


CLINTON CECIL HARDEN

                                    MEMORANDUM OPINION* BY
v.    Record No. 0758-00-3          JUDGE RICHARD S. BRAY
                                         JULY 17, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     William W. Sweeney, Judge

            Dawn E. Wright (Amanda E. Shaw; Office of the
            Public Defender, on brief), for appellant.

            Virginia B. Theisen, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Clinton Cecil Harden (defendant) was convicted in a bench

trial for possession of cocaine, related possession of a firearm

and possession of a firearm by a convicted felon, violations of

Code §§ 18.2-250, -308.4, and -308.2, respectively.  On appeal, he

challenges only the conviction for possession of a firearm by a

convicted felon, contending the trial court erroneously granted

the Commonwealth a recess to obtain additional evidence and,

thereafter, permitted introduction of such evidence.  Finding no

error, we affirm the conviction.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and we recite only those facts necessary to a disposition of the appeal. In accordance with well established principles, we review the evidence in the light most favorable to the party prevailing below, the Commonwealth in this instance. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).

I.

At trial on the instant offense, the Commonwealth, seeking to establish the requisite prior felony conviction, offered into evidence "a certified copy of [a] conviction order," "Exhibit 1," which memorialized the finding, "Guilty as Charged," of the Lynchburg Juvenile and Domestic Relations District Court (J&D court) in an earlier felony prosecution of defendant. Defense counsel objected, contending the order, absent the related "disposition or sentencing order," did not properly establish "a . . . prior conviction." Unable to produce a certified copy of the attendant disposition order, the Commonwealth moved the court to "adjourn . . . to allow us [the] opportunity to present [the J&D court] dispositional order." The court granted the motion, over defendant's objection, and the Commonwealth "rested its case in chief[,] subject to the . . . Exhibit 1 matter." The court then entertained defense motions to strike and recessed "to read

-

the cases" and allow the Commonwealth to pursue "that other matter."

Shortly thereafter, the proceedings reconvened and the Commonwealth advised that "paperwork" reflecting disposition of the J&D prosecution had not been located and elected to rely upon the "presumption of regularity" accorded the J&D court adjudication as proof of the prior conviction. In response, defendant again challenged the sufficiency of the Commonwealth's evidence to prove the prior felony conviction. Reasoning "that Exhibit 1 . . . create[d] a prima facie factual case of the defendant having previously been convicted of a felony," the court pronounced defendant "guilty as charged in the indictment[]," but expressly reserved to defendant's counsel the right "to look into the matter further and present . . . additional evidence[] . . . within ten days . . . ."

Later that same day, prior to entry of the order reflecting the court's earlier ruling, counsel for defendant, the prosecutor and the trial judge were together in chambers on an unrelated matter, when the prosecutor was delivered a certified copy of the elusive disposition order, which the court then admitted into evidence, marked "Exhibit 1A." The subsequent trial order entered by the court recited the conviction of defendant for the subject offense but "allow[ed] defense counsel 10 days . . . to present evidence in objection to Commonwealth's Exhibit #1 and

-

#1A, at which time the court may reconsider its ruling . . . ."
In response to defendant's subsequent written objection to
"Exhibit 1A," the court noted the Commonwealth would be "allow[ed]
to formally introduce the final J&D judgment order at sentencing."
The disputed exhibit, then a part of the record, was again
received into evidence at the sentencing hearing, despite
defendant's objection, resulting in the instant appeal.

                                II.

    As defendant correctly reminds us, the Commonwealth must
prove each element of the subject offense beyond a reasonable
doubt, including a prior felony conviction of defendant.[1]  We
further acknowledge "[i]t is . . . now well established in our
jurisprudence that a 'conviction' ordinarily embraces both an
adjudication of guilt and a related sentence, thus concluding a
prosecution by final order."  Webb v. Commonwealth, 31 Va. App.
466, 470, 524 S.E.2d 164, 166 (2000).  Nevertheless, we do not
agree that the court erroneously granted the Commonwealth's motion

---

[1] Code § 18.2-308.2 provides in pertinent part:

> It shall be unlawful for (i) any person who
> has been convicted of a felony or (ii) any
> person under the age of twenty-nine who was
> found guilty as a juvenile fourteen years of
> age or older at the time of the offense of a
> delinquent act which would be a felony if
> committed by an adult, . . . to knowingly
> and intentionally possess or transport any
> firearm . . . .

-

to recess the proceedings and, later, improperly admitted the dispositional order, "Exhibit 1A," into evidence.

In conducting trial, "'the order of proof is a matter within the sound discretion of the . . . court and [an appellate] court will not reverse the judgment except in very exceptional cases, and, unless it affirmatively appears from the record that this discretion has been abused, [an appellate] court will not disturb the trial court's ruling.'" Lebedun v. Commonwealth, 27 Va. App. 697, 715, 501 S.E.2d 427, 436 (1998) (citation omitted). Similarly, "[w]hether the Commonwealth should be permitted to introduce evidence in chief after it has rested is [also] a matter for the sound discretion of the trial court, and in the absence of abuse, its judgment will not be disturbed on appeal." Chrisman v. Commonwealth, 3 Va. App. 371, 375-76, 349 S.E.2d 899, 902 (1986). Moreover, the trial court is expressly empowered by Code § 19.2-183(c) to "adjourn a trial, pending before [the court], not exceeding ten days at one time, without the consent of the accused." Code § 19.2-183(c).

Here, the court granted the Commonwealth's motion to adjourn the proceedings to provide an opportunity to locate the dispositional order of the J&D court. The Commonwealth then rested, expressly reserving the right to pursue such evidence in accordance with the ruling of the court, defense arguments to strike the evidence were entertained, and the court recessed to

-

consider the issues and permit the Commonwealth to "look into the other matter." Reconvening, the court found defendant "guilty," subject to the receipt and consideration of further evidence. Later in the day, before the court had entered the order memorializing these incidents of trial, the disputed evidence was produced by the Commonwealth, the record reopened by the court, and the document introduced and marked "Exhibit 1A."

Clearly, the court did not enter the trial order adjudicating defendant guilty, which expressly referenced "Exhibit 1A," until after the exhibit had been received into evidence. "[A] court speaks only through its written orders. And, 'orders speak as of the day they were entered.'" Wagner v. Shird, 257 Va. 584, 588, 514 S.E.2d 613, 615 (1999) (citation omitted). Thus, the court simply permitted the Commonwealth to reopen her case-in-chief, while the proceedings remained within the breast of the court, and introduce the exhibit. The court's response to defendant's subsequent written objection, advising the parties that the Commonwealth would be allowed to "formally introduce" the exhibit at the forthcoming sentencing hearing and attendant events confirmed the earlier ruling.

The "exercise [of judicial discretion] implies conscientious judgment, not arbitrary action. It takes account of the law and the particular circumstances of the case and is

-

'directed by the reason and conscience of the judge to a just result.'"  Slayton v. Commonwealth, 185 Va. 357, 367, 385 S.E.2d 479, 484 (1946) (citation omitted).

Under the instant circumstances, we find no abuse of discretion by the court, either in recessing the proceedings or permitting the Commonwealth to reopen her case-in-chief and receive "Exhibit 1A" into evidence.

Accordingly, we affirm the conviction.

Affirmed.