COURT OF APPEALS OF VIRGINIA

Present:  Judges Bumgardner, Felton and Senior Judge Hodges
Argued by teleconference


JEROME ANTHONY SMITH

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2320-02-1              JUDGE RUDOLPH BUMGARDNER, III
                                                    MARCH 23, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Johnny E. Morrison, Judge

              Felipita Athanas, Appellate Defender (Public Defender Commission,
              on briefs), for appellant.

              Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General, on brief), for appellee.


        A jury tried Jerome Anthony Smith on charges of robbery, abduction, and two counts of

use of a firearm in the commission of a felony.  It only convicted of grand larceny, but imposed a

sentence of fifteen years in the penitentiary.  During the penalty phase, the trial court admitted

evidence of a conviction that was not final.  The defendant had been found guilty of selling

cocaine but had never been sentenced on that finding.  The Commonwealth concedes error but

contends it was harmless.  We cannot conclude the error was harmless.  Accordingly, we reverse

and remand for re-sentencing.

        An error is harmless if "'it plainly appears from the record and the evidence given at trial

that' the error did not affect the verdict." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005,

407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678).  "An error does not affect a

verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that,

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

had the error not occurred, the verdict would have been the same." Id. See also Burley v. Commonwealth, 29 Va. App. 140, 149, 510 S.E.2d 265, 270 (1999) (error harmless where it "'clearly has had no impact upon the verdict or sentence in a case'").

The defendant was charged with four felonies: robbery, abduction, and two counts of use of a firearm in the commission of a felony. The jury convicted him of grand larceny, a lesser-included offense, and imposed a fifteen-year sentence. The range of punishment was from one to twenty years. Code § 18.2-95. The Commonwealth contends the error was harmless because the defendant admitted to eight felony convictions and the Commonwealth introduced six final conviction orders.[1]

Prior convictions reflect a defendant's propensity to re-offend, the possibility of rehabilitation, and factors relevant to determining an appropriate sentence. Webb v. Commonwealth, 31 Va. App. 466, 471, 524 S.E.2d 164, 167 (2000). In this case, the jury acquitted of the most serious charges but imposed a sentence near the upper limit of the range of punishment. We would usurp the jury's role to conclude that the sentence would have been the same if the jury had not known of the cocaine distribution charge. "We cannot at once reason that such considerations [prior convictions] promote enlightened sentencing and dismiss as harmless the prejudicial effects of inadmissible, although facially relevant, evidence pertaining to sentencing issues." Id.

Accordingly, we reverse and remand for re-sentencing pursuant to Code § 19.2-295.1.

Reversed and remanded.

---

[1] The defendant's other conviction orders were: September 18, 2000: Possession with intent to distribute cocaine; July 28, 2000: Grand larceny; June 1, 1993: Possession of a firearm after a felony conviction; and April 19, 1993: Possession of a firearm after a felony conviction, possession of cocaine, and possession of a firearm with drugs.