COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


RANEY C. RANDOLPH

                                            OPINION BY
v.        Record No. 0275-04-1        JUDGE JEAN HARRISON CLEMENTS
                                            FEBRUARY 22, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

Timothy E. Miller, Public Defender, for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Raney C. Randolph appeals from the trial court's order of January 8, 2004, finding the

Commonwealth's evidence sufficient to justify finding him guilty as charged of possession of

cocaine, in violation of Code § 18.2-250, but deferring disposition of the charge and granting

him first offender status under Code § 18.2-251.  On appeal, Randolph contends the trial court

erred in finding the evidence "sufficient to convict [him] of possession of cocaine" and denying

his motion to strike.

In awarding this appeal, we directed the parties to address the issue whether this Court

has jurisdiction to entertain this appeal.  Finding the trial court's order of January 8, 2004,

deferring disposition of the charge does not constitute a final judgment of conviction, we dismiss

this appeal for lack of jurisdiction and, thus, do not reach Randolph's claim of error.

I.  BACKGROUND

The relevant facts in this appeal are not in dispute.  On May 19, 2003, Randolph was

involved in an automobile accident and transported by a police officer to the emergency room at

Obici Hospital in the City of Suffolk. Later, Officer M.T. Erie transported Randolph to the psychiatric ward of the hospital, where psychiatric nurse Mary Catherine Lawrence admitted him pursuant to a temporary detention order. At the time of his admission, Randolph was wearing a coat. Pursuant to hospital procedures established for the safety of the staff and patients, Lawrence asked Randolph to remove his clothing. Lawrence inventoried Randolph's belongings and removed a Gucci knit cap from the pocket of his coat. When she unfolded the cap to make sure there was nothing in it, "little white crackly things," which were later determined to be rocks of crack cocaine, fell out of it. She sealed the cocaine in a zip-lock bag and gave it to Officer Erie.

Randolph was subsequently indicted for possession of cocaine, in violation of Code § 18.2-250. After pleading not guilty at his arraignment, Randolph was tried on the charge in a bench trial. At the close of the Commonwealth's case, Randolph moved to strike, arguing that the undisputed fact that he was involuntarily admitted to the psychiatric ward of the hospital pursuant to a temporary detention order proved that he was not capable at the time of knowingly and intentionally possessing the cocaine. The trial court denied the motion. After resting without presenting any evidence, Randolph renewed his motion to strike. The trial court again denied the motion. Randolph then asked the court to defer disposition of the charge and grant him first offender status under Code § 18.2-251. In response, the trial court found that the evidence presented was "sufficient for a finding of guilt" but withheld the finding and ordered "that a presentence report be prepared prior to determination of guilt . . . for consideration[] of the first offender status."

At the sentencing hearing, the Commonwealth agreed that it was appropriate to grant Randolph first offender status under Code § 18.2-251. Finding Randolph was a suitable candidate for first offender status and "the evidence presented at trial would justify a finding of

guilt," the trial court deferred disposition of the possession of cocaine charge and placed

Randolph on first offender status under Code § 18.2-251. The court ordered Randolph to serve

twenty-four months of probation upon terms and conditions pursuant to Code § 18.2-251,

including participation in substance abuse and mental health treatment and counseling deemed

necessary by Randolph's probation officer. Pursuant to Code § 18.2-251, the trial court also

suspended Randolph's driver's license for six months and ordered him to pay costs of $900. The

trial court further ordered that, "upon violation of the terms and conditions of said probation, the

Court may enter an adjudication of guilt" and, "upon fulfillment of the terms and conditions of

said probation, the Court shall discharge the defendant and dismiss the proceedings against him

pursuant to [Code §] 18.2-251." The court continued the "matter on the docket for review" on

January 6, 2006. The trial court memorialized its rulings in an order entered January 8, 2004.

This appeal followed. In granting Randolph's petition for appeal, we directed the parties

to address the issue whether this Court has jurisdiction to entertain this appeal.

## II. ANALYSIS

Appealing from the trial court's order of January 8, 2004, Randolph contends the trial

court erred in denying his motion to strike on the ground that the evidence presented at trial was

insufficient, as a matter of law, to prove he knowingly and intentionally possessed the cocaine

found in his possession at the hospital's psychiatric ward.

As a threshold matter, however, we must decide whether this Court has jurisdiction to

entertain this appeal. Specifically, we must determine whether the trial court's order of January

8, 2004, finding the evidence sufficient to justify finding Randolph guilty as charged of

possession of cocaine but deferring disposition of that charge and granting him first offender status under Code § 18.2-251[1] is a final judgment of conviction.

It is well established that the "Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) (citation omitted). Code § 17.1-406(A)(i) controls our appellate jurisdiction in criminal cases. Hence, unless Randolph is an "aggrieved party . . . petition[ing] . . . from . . . [a] *final conviction* in a circuit court of . . . a crime," we are without jurisdiction to consider the merits of this appeal. Code § 17.1-406(A)(i) (emphasis added).[2] Moreover, the order or judgment appealed from must be final. West v. Commonwealth, 249 Va. 241, 243, 455 S.E.2d

---

[1] Code § 18.2-251 provides, in pertinent part, as follows:

> Whenever any person who has not previously been convicted of any [drug-related] offense . . . pleads guilty to or enters a plea of not guilty to possession of a controlled substance under § 18.2-250 . . . , the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

> \*     \*     \*     \*     \*     \*     \*

> Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is a conviction only for the purposes of applying this section in subsequent proceedings.

[2] Although not relevant here, the Supreme Court has explained that, in addition to "appeals from final criminal convictions," appeals from post-conviction "action on motions filed and disposed of while the trial court retains jurisdiction over the case" are also subject to this Court's appellate criminal jurisdiction under Code § 17.1-406(A)(i). Commonwealth v. Southerly, 262 Va. 294, 299, 551 S.E.2d 650, 653 (2001).

1, 2 (1995) (upholding the rule that "criminal appeals lie only to final judgments"); <u>Fuller v.</u> <u>Commonwealth</u>, 189 Va. 327, 333, 53 S.E.2d 26, 28-29 (1949) (holding that a judgment or order that is not final, i.e., "not a complete disposition of the case," does not invoke the appellate criminal jurisdiction of the Court).

Randolph contends that this Court has jurisdiction to entertain this appeal. He argues that, while not technically convicted of possession of cocaine, he was, "for all practical purposes," adjudged guilty by the trial court, and subsequently forced to "surrender many of his freedoms" by being placed on probation in accordance with Code § 18.2-251. Continuing, he implicitly likens his position to that of a convicted defendant who is placed on probation after having had the imposition of his sentence suspended. Relying on the Supreme Court's rationale in <u>Fuller</u>, 189 Va. at 330-33, 53 S.E.2d at 27-28, regarding the finality of judgments suspending the imposition of sentence and authorizing probation, he concludes that the trial court's January 8, 2004 order finding the evidence sufficient to justify finding him guilty of possession of cocaine, deferring disposition of that charge, and placing him on probation under Code § 18.2-251 is a final order from which he may properly appeal pursuant to Code § 17.1-406(A)(i). To hold otherwise, he argues, would defeat the highly remedial purpose of Code § 18.2-251 by placing defendants like him on the horns of a dilemma, forcing them to choose between the certainty of avoiding punishment by obtaining first offender status under Code § 18.2-251 and the uncertainty of avoiding punishment by submitting to the trial court's judgment of guilt and seeking redress on appeal. The legislature, he asserts, could not have intended to put him and defendants like him in such a tenuous position.

Randolph's claim is without merit. For one thing, regardless of how he attempts to characterize his placement on first offender status under Code § 18.2-251, the fact is that, unlike a convicted defendant who has been placed on probation after having had the imposition of his

sentence suspended, Randolph has not been adjudged guilty of any offense.  Under the express terms of the January 8, 2004 order, which track the provisions of Code § 18.2-251, the trial court found the evidence sufficient to justify finding Randolph guilty of possession of cocaine, but, instead of convicting Randolph, the court specifically deferred disposition of the charge, at Randolph's request, and ordered him to serve twenty-four months of probation upon certain terms and conditions.  The trial court further ordered that, "upon violation of the terms and conditions of said probation, the Court may enter an adjudication of guilt" and, "upon fulfillment of the terms and conditions of said probation, the Court shall discharge the defendant and dismiss the proceedings against him pursuant to [Code §] 18.2-251."  The trial court then placed the matter on the court's docket for review on January 6, 2006.  Hence, unless and until Randolph violates the terms and conditions of his probation, there will be no adjudication of guilt and, thus, no conviction.  See generally Webb v. Commonwealth, 31 Va. App. 466, 470, 524 S.E.2d 164, 166 (2000) (noting that it is "well established in our jurisprudence that a 'conviction' ordinarily embraces both an adjudication of guilt and a related sentence, thus concluding a prosecution by final order").

Likewise, the trial court's order of January 8, 2004 is not a final judgment or order.  At this juncture, the order requires further action by the trial court.  Indeed, the specific terms of the order establish the need for future disposition of the possession of cocaine charge, either by conviction upon violation of the terms and conditions of Randolph's probation or by discharge and dismissal upon fulfillment of those terms and conditions.  Thus, the trial court's judgment will not be final until either disposition occurs.  It is clear, therefore, that the January 8, 2004 order, from which Randolph appeals, "is in no sense the pronouncement of a final judgment." Sturgill v. Commonwealth, 175 Va. 584, 588, 7 S.E.2d 141, 142 (1940).  The ultimate adjudication of Randolph's guilt remains in the balance.

- 6 -

Moreover, Randolph's reliance on Fuller is misplaced. In Fuller, the Supreme Court considered, *inter alia*, the question whether an order by the trial court suspending the imposition of a convicted defendant's sentence and placing him on probation, pursuant to former Code § 1922b (a predecessor to present Code § 19.2-303), constituted a final, appealable judgment. 189 Va. at 330, 53 S.E.2d at 27. Noting that "an order wherein the pronouncement of sentence is suspended is ordinarily not appealable," the Court went on to state that

> the legislature may, of course, by appropriate statute permit an appeal from . . . such a judgment or order . . . either by express language granting the right of review of such an order, or by giving the judgment or order the necessary characteristics of a final judgment so as to be reviewable under the general law.

Id. The Supreme Court concluded that Code § 1992b fell "within the latter category." Id. As the Court explained:

> After the trial court has adjudged the defendant "guilty" and has suspended either "the imposition or the execution of sentence, or commitment" of the defendant, and fixed the terms of his probation, it has made a complete disposition of the case within the purview of the statute. Its action is then final and subject to review.

Id. at 332, 53 S.E.2d at 28 (quoting Code § 1922b). This is true, the Court reasoned, because, although the trial court may subsequently revoke the suspension of the imposition of the defendant's sentence, "[t]he happening of such an event, which brings into operation the right of revocation, does not alter the finality of the judgment previously entered." Id. The Supreme Court then added that

> to say that a defendant must surrender his right to a suspension of the imposition of sentence and submit to a judgment, perhaps branding him a felon, as a condition to his right of appeal, would strip this highly remedial statute of much of its usefulness. Few defendants would be so bold as to swap the certainty of escape from punishment, offered by a suspension of imposition of sentence or a suspension of execution of sentence, for the uncertainty of escape through a possible reversal of the judgment

- 7 -

> on appeal. Clearly, we think, the statute does not contemplate that [a] defendant should be put in that position.

Id. at 332-33, 53 S.E.2d at 28.

The statute under consideration here, Code § 18.2-251, contains no express language granting a defendant placed on first offender status the right to appeal from the trial court's order finding the evidence sufficient to justify finding him guilty and placing him on probation pursuant to the statute. Likewise, contrary to Randolph's claim, Code § 18.2-251 does not give "the judgment or order the necessary characteristics of a final judgment so as to be reviewable under the general law." Id. at 330, 53 S.E.2d at 27. In relying on Fuller to support his claim, Randolph selectively focuses on the final, supplemental portion of the Supreme Court's analysis quoted above. In doing so, he ignores the crux of the Court's analysis and the Court's conclusion that, once the trial court adjudges the defendant guilty, suspends the imposition of his sentence, and places him on probation, "it has made a complete disposition of the case" and "[i]ts action is . . . final and subject to review." Id. at 332, 53 S.E.2d at 28. Pursuant to the express language of Code § 18.2-251, the trial court "may enter an adjudication of guilt" against a defendant who has been placed on first offender status only "[u]pon violation of a term or condition" of the defendant's probation. Here, as previously discussed, there has been no such violation and, thus, no adjudication of guilt. It stands to reason under the Supreme Court's rationale in Fuller, therefore, that the present disposition of this case is not complete and the trial court's action is not final and subject to review.

Furthermore, the Supreme Court ultimately decided in Fuller that the particular order in question was not a final, appealable order because certain matters remained to be done in the case before judgment could be entered. Id. at 333, 53 S.E.2d at 28. Thus, the Supreme Court held that the order was "not a complete disposition of the case" because "the matter [was] still in the breast of the court." Id. The same is true of the instant case. As previously mentioned, the

- 8 -

trial court's order of January 8, 2004, requires further action by the trial court, depending on whether Randolph violates or fulfills the terms and conditions of his probation. The case remains on the court's active docket until either of these events occurs.

Finally, had Randolph desired to immediately appeal the trial court's decision denying his motion to strike, he should not have requested placement on first offender status under Code § 18.2-251. While it is true that the opportunity to escape punishment under Code § 18.2-251 placed him on the horns of a dilemma, the criminal process, like the rest of the legal system, is replete with situations requiring choices between various alternatives, each with its own benefits and disadvantages. Here, Randolph chose to seek first offender status under Code § 18.2-251. Pursuant to that statute, if he complies with the terms and conditions of his probation, he will be discharged and the charge against him dismissed. If he fails to comply, and he is adjudged guilty of possession of cocaine and sentenced, he may appeal at that time. As it stands now, however, no final judgment of conviction has been entered in this case.

For these reasons, we hold that this appeal is premature and we lack jurisdiction to entertain it. Accordingly, we dismiss the appeal without prejudice.

<u>Dismissed.</u>