# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

Dwayne Lamar Cross

July 13, 2006

Case No. CR06-0840

BY JUDGE DEAN W. SWORD, JR.

This matter is currently before the court upon the defense motion to strike the evidence on Count 2 of the indictment charging possession of a firearm by a convicted felon in violation of Virginia Code § 18.2-308.2. The motion was taken under advisement by the court when the matter was tried on July 10, 2006. After having considered the applicable law, the court now grants the defendant's motion and dismisses Count 2 of the indictment.

At trial, the Commonwealth presented evidence of an order treating the defendant as a "first offender" pursuant to Virginia Code § 18.2-251 entered by another judge of this court on October 22, 2004. They also presented an order entered by the same judge on June 28, 2006, finding the defendant in violation of his probation and convicting him of a felony, possession of cocaine and heroin.

The question to be decided is whether or not the status of the defendant as a "first offender" makes him a convicted felon on the date of this offense, January 6, 2006. While I cannot find a case from our appellate courts addressing this precise issue, there is some guidance in this area.

The current, 2001, version of § 18.2-251 provides *inter alia* "the court . . . if the facts found . . . would justify a finding of guilt, without entering a judgment of guilt . . . may defer further proceedings and place him on probation. . . . Upon violation of a term or condition, the court may enter an adjudication of guilt. . . . Notwithstanding any other provision of this section, whenever a court places an individual on pro-bation . . . pursuant to this section, such action shall be treated as a

conviction for purposes of §§ 18.2-259.1, 22.1.315, and 46.2-390.1. . . ." (These code sections deal with the revocation of driver's licenses or suspension of a teacher charged with certain criminal offenses.)

By reading this statute one can come to the conclusion that a "first offender" deferral does not constitute a criminal conviction for at least two reasons: (1) the statute clearly states that the court does not enter a "judgment of guilt" and (2) the legislature has determined under the statute that, for only limited purposes, "such action shall be treated as a conviction." This situation not being one enumerated in the statute, we apply familiar rules of statutory construction and note that, obviously, the legislature knows how to make "first offender" deferral a conviction and has clearly declined to do so. *Couplin v. Payne*, 270 Va. 129, 135, 613 S.E.2d 592 (2005).

This result is reinforced by a recent appellate decision, *Randolph v. Commonwealth*, 45 Va. App. 166, 609 S.E.2d 84 (2005). Randolph was indicted for possession of cocaine in violation of § 18.2-250, having pleaded not guilty, the trial court treated him as a "first offender" pursuant to § 18.2-251. Randolph appealed to the Court of Appeals challenging the denial of his motion to strike. Noting that, "As a threshold matter . . . we must decide whether this Court has jurisdiction to entertain this appeal. Specifically . . . whether . . . first offender status under Code § 18.2-251 is a final judgment of conviction." (At pages 167-70.) In finding that the "first offender" deferral was not a final and therefore appealable order the Court of Appeals opined:

> Randolph's claim is without merit. For one thing, regardless of how he attempted to characterize his placement on first offender status . . . the fact is that, unlike a convicted de-fendant . . . Randolph has not been adjudged guilty of any offense . . . unless and until Randolph violates the terms and conditions of his probation, there will be no adjudication of guilt and, thus, no conviction.

(Pp. 171-72.)

While the *Randolph* facts are different, the general principle of what is and is not a conviction is well considered and applicable to our case.

Using the *Randolph* analysis as well as a plain reading of the statute, I can only come to the conclusion that, on the date of the offense alleged in Count 2 of the indictment, Mr. Cross was not a convicted felon and, therefore, not subject to prosecution for this offense. The fact that he may have later

been found to have violated his probation has no retroactive effect since his conviction only occurs after the court conducts a hearing, receives evidence of a violation, and then enters a final appealable judgment of conviction.

The clerk will prepare an order for entry dismissing Count 2 of the indictment.