COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Richmond, Virginia


THE GOODYEAR TIRE AND RUBBER COMPANY AND
  LIBERTY INSURANCE CORPORATION

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0882-09-3                       JUDGE WILLIAM G. PETTY
                                                        DECEMBER 8, 2009
JOANNE WALKER HARRIS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              James A.L. Daniel (Martha White Medley; Daniel, Medley & Kirby,
              P.C., on brief), for appellants.

              Philip B. Baker (Sanzone & Baker, P.C., on brief), for appellee.


        On March 25, 2009, the Workers' Compensation Commission issued an opinion

reversing the deputy commissioner and holding that "[t]he [employee] failed to show, with clear

and convincing evidence, that her [carpal tunnel syndrome] arose out of and in the course of her

employment."  In addition, the commission further stated that Joanne Walker Harris reasonably

marketed her residual work capacity.  Goodyear Tire and Rubber Company and Liberty

Insurance Corporation (collectively referred to as the "employer") appealed and contend that the

commission erred when it determined that Harris reasonably marketed her residual work

capacity.  Because the employer is not an aggrieved party, we do not have jurisdiction to address

this issue.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] While we recognize that employee has also appealed the same final decision of the
commission, employer's appeal is a separate and distinct appeal and it is not an additional
question presented under Rule 5A:21(b).  As a result, employer's appeal must meet our
jurisdictional requirements on it own and cannot rely on the employee's appeal to supplement
jurisdiction.

Employer argues that the commission erred in determining that Harris had reasonably marketed her residual work capacity. However, that determination was secondary to the commission's determination that Harris' carpal tunnel syndrome was a noncompensable ordinary disease of life as defined in Code § 65.2-401. The net effect of the commission's determination regarding Harris' marketing efforts is *nil*. It had no effect on the outcome of the case, and the employer prevailed because the commission decision concluded that the disease was noncompensable.

"It is well established that the 'Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction in this Court, we are without power to review an appeal.'" Randolph v. Commonwealth, 45 Va. App. 166, 170, 609 S.E.2d 84, 86 (2005) (quoting Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996)). According to Code § 17.1-405, our appellate jurisdiction is limited to appeals brought by an "*aggrieved party* . . . from [a]ny final decision of the Virginia Workers' Compensation Commission." (Emphasis added). "'The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.'" Commonwealth v. Harley, 256 Va. 216, 218, 504 S.E.2d 852, 853 (1998) (quoting Virginia Beach Beautification Comm'n v. Bd. of Zoning Appeals, 231 Va. 415, 419-20, 344 S.E.2d 899, 902-03 (1986)). Here, employer lacks a substantial grievance and has not been denied any legal or equitable personal right or property right. Further, the commission did not impose any burden or obligation on the employer because of its marketability determination. Therefore, we hold that employer is not an aggrieved party under Code § 17.1-405 and we lack jurisdiction to decide the question presented. Thus, we dismiss.

Dismissed.