COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Malveaux and Callins
Argued by videoconference


CALVIN LORENZO PERRY
                                                         OPINION BY
v.        Record No. 0267-24-2              JUDGE DOMINIQUE A. CALLINS
                                                        MARCH 18, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Claude V. Worrell, II, Judge

Peter S. Frazier (The Frazier Law Firm, P.C., on brief), for appellant.

Israel-David J.J. Healy, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Perry appeals his November 2023 conviction in the Circuit Court of the City of

Charlottesville for a probation violation. In an attempt to permit consideration of Perry's motion

to reconsider its judgment, the trial court entered a suspending order prior to entry of its final

conviction and sentencing order. Because we hold that the trial court lacked the authority to

suspend an order that it had not yet actually entered, we find that Perry's notice of appeal was

not timely filed, and we dismiss the appeal for lack of jurisdiction.

BACKGROUND

In March 2001, Perry pleaded guilty to one count of rape in violation of Code § 18.2-61.

In accordance with the plea agreement, the trial court sentenced Perry to life in prison, with all

but 25 years suspended. The court suspended his sentence conditioned upon ten years of

supervised probation. Within three months of his release in May 2023, Perry engaged in a series

of violations of his probation. On October 17, 2023, the trial court held a hearing on Perry's

probation violations and pronounced him guilty. The trial court did not enter a final conviction

and sentencing order at that time. Perry later filed a motion to reconsider. The trial court entered an order on November 7, 2023, suspending the "imposition of the Court's October 17, 2023 Order . . . until further notice so that the Court can consider the merits of [Perry's] Motion to Reconsider." The trial court entered its final conviction and sentencing order on November 20, 2023. The next day, the court heard Perry's motion to reconsider and entered an order denying the motion on December 18, 2023. Perry filed his notice of appeal on January 11, 2024.

ANALYSIS

"It is a familiar principle that a 'court always has jurisdiction to determine its own jurisdiction.'" *CVAS 2, LLC v. City of Fredericksburg*, 289 Va. 100, 108 (2015) (quoting *Rutter v. Oakwood Living Ctrs. of Va., Inc.*, 282 Va. 4, 13 (2011)). "Before the merits of this case can be considered, [this Court] must determine whether it has jurisdiction." *Bistro Manila, LLC v. Alvah I, LLC*, 83 Va. App. 300, 307 (2025) (alteration in original) (quoting *Comcast of Chesterfield Cnty., Inc. v. Bd. of Supervisors*, 277 Va. 293, 299 (2009)). Code § 17.1-406(A) provides, in relevant part, that this Court takes jurisdiction over "any final conviction in a circuit court of a . . . crime." "In a criminal case, the final order is the sentencing order." *Vanmeter v. Commonwealth*, 80 Va. App. 324, 330 (2024) (quoting *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023)). Thus, a final sentencing order, as a final judgment, must "dispose[] of the entire action and leave[] nothing to be done except the ministerial superintendence of execution of the judgment." *Bistro Manila*, 83 Va. App. at 308 (quoting *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 560 (2002)); *see also Randolph v. Commonwealth*, 45 Va. App. 166, 172 (2005) (holding that because the "trial court's judgment [would] not be final until [further] disposition occur[red]," the order appealed from was not a final order).

Rule 1:1(a) provides that "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days *after*

the date of entry, and no longer." (Emphasis added). "The date of entry of any final judgment, order, or decree is the date it is signed by the judge either on paper or by electronic means in accord with Rule 1:17." *Id.* "In determining whether a circuit court retains jurisdiction over a matter when it issues a ruling, the critical event is the circuit court's entry of a written order and not any pronouncements the circuit court may make from the bench." *Bailey v. Commonwealth*, 73 Va. App. 250, 261-62 (2021). Indeed, our Supreme Court "repeatedly has emphasized that 'a court speaks only through its written orders.'" *Id.* at 262 (quoting *Wagner v. Shird*, 257 Va. 584, 588 (1999)).

Here, by its own terms, the trial court's November 7 order merely suspended its October 17 oral ruling. In fact, the November 7 order could only have purported to suspend this oral ruling, since the court did not enter its final conviction and sentencing order until November 20. Thus, the question we must answer on review is whether the trial court could permissibly suspend the execution of its conviction order prior to the entry of the conviction order. We hold that it could not.

"Rules of statutory construction apply equally to the interpretation of the Rules [of the Supreme Court of Virginia], so that '[i]n construing the language of rules and statutes, "we must give effect to the [drafters'] intention[s] as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity."'" *Browning v. Browning*, 68 Va. App. 19, 24 (2017) (second, third, and fourth alterations in original) (quoting *Muse Constr. Grp., Inc. v. Commonwealth Bd. of Contractors*, 61 Va. App. 125, 130-31 (2012)). "[C]ourts can look to dictionary definitions," *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 196 (2022), or "pertinent analysis in prior case[s]," *Eley v. Commonwealth*, 70 Va. App. 158, 165 (2019), to ascertain the ordinary and plain meaning of a Rule. Rule 1:1(a) provides that final judgments may be modified, vacated, or suspended for 21 days "after" the date of entry, and no

- 3 -

longer. The word "after" is defined as "in the time following an event or another period of time." *After*, *Paperback Oxford English Dictionary* (7th ed. 2012). Thus, the plain meaning interpretation of Rule 1:1 provides that a trial court may modify, vacate, or suspend a final order for 21 days "following"—not prior to— the date of entry of the order. *See id.* This interpretation does not result in a manifest absurdity, as Rule 1:1 does not contemplate an oral ruling of the court to have the same operational effect as a written, final order. *See Bailey*, 73 Va. App. at 261-62.

Although our appellate courts have not, until now, articulated it expressly, this interpretation is hardly novel. Our Supreme Court has implicitly echoed this interpretation in a number of decisions controlling the interpretation of Rule 1:1. "Rule 1:1 facially contemplates the existence of a final judgment that a court subsequently seeks to modify, vacate, or suspend." *Super Fresh*, 263 Va. at 561. "The rule 'is not applicable prior to the entry of a final judgment,' and the twenty-one-day period itself 'does not delay the finality of a judgment.'" *Jefferson v. Commonwealth*, 298 Va. 473, 476 (2020) (quoting *Super Fresh*, 263 Va. at 561).

In the case before us, the trial court heard the pending probation violation on October 17 and announced its ruling orally the same day. Perry subsequently filed a motion to reconsider, along with a proposed suspending order that the trial court entered on November 7. Although the trial court had not yet entered a final conviction and sentencing order on Perry's probation violation,[1] the November 7 order suspended the "imposition of the Court's October 17, 2023

---

[1] At oral argument, Perry argued that "there was not just an oral ruling at the October 17, 2023, hearing, there was a written final order." Perry indicated that the "Sentencing Revocation Report" ("SRR") operated as a final order since its second page is titled "Final Decision/Disposition." But an SRR is objectively not an "order" at all. It is an administrative data-collection mechanism created by the Virginia Criminal Sentencing Commission pursuant to Code § 17.1-803(7). In fact, the Commission has previously made plain that:

> Under § 17.1-803(7) of the Code of Virginia, it is the responsibility
> of the Commission to monitor sentencing practices in felony cases

Order . . . until further notice so that the Court can consider the merits of [Perry's] Motion to Reconsider." Indeed, the trial court did not enter a final conviction and sentencing order until November 20, and it did not retain jurisdiction over Perry's case in that order. *See Russell v. Commonwealth*, 79 Va. App. 618, 625-26 (2024) ("Our Supreme Court has repeatedly stated that, to toll the finality of an order, a trial court must include 'specific language' stating that it is retaining jurisdiction over a case." (quoting *Johnson v. Woodard*, 281 Va. 403, 409 (2011))). The trial court nonetheless heard Perry's motion to reconsider on November 21 and did not enter an order adjudicating the motion until December 18.[2]

Because the trial court could "speak[] only through its written orders," *id.* at 623 (quoting *Kosko v. Ramser*, 299 Va. 684, 689 (2021)), and Rule 1:1 presupposes the existence of an entered, written, final order for purposes of suspension, the trial court's entry of the November 7, 2023 suspending order was a nullity. The trial court could not, as a matter of law, suspend an order it had not yet made. Thus, the November 20, 2023 conviction and sentencing order was never actually suspended.

throughout the Commonwealth. While the Commonwealth maintains a wide array of sentencing information on felons at the time they are initially sentenced in circuit court, information on the re-imposition of suspended prison time for felons returned to court for violation of the conditions of community supervision was, until 1997, largely unavailable and its impact difficult to assess. . . . With [the Department of Corrections's] assistance, the Commission developed a simple one-page form (the Sentencing Revocation Report, or SRR) to capture this information. . . . The sentencing judge or his designee is responsible for completing the back side of the SRR.

Va. Sent'g Comm'n, *Sentencing Revocation Report Booklet* 3 (2007), https://perma.cc/WJN7-MPFM. Thus, we find Perry's argument meritless.

[2] Twenty-one days from November 20 fell on December 11. Because the December 18 order was entered beyond the 21 days allotted for the trial court to retain jurisdiction over these proceedings, the December 18 order is void and a nullity. *Kosko v. Ramser*, 299 Va. 684, 689 (2021)(holding that order entered beyond the 21 days delineated by Rule 1:1 is void).

To be clear, we hold that a trial court cannot toll the jurisdictional timer set forth by Rule 1:1 prior to the entry of its written final order. This is not to say that it cannot suspend the enforceability of a prior, non-final order.[3]

Because the November 20 final conviction and sentencing order was not suspended, the timeline in which Perry was required to file his notice of appeal under Rule 5A:6 ran from the date of entry of the November 20 order. Where the trial court properly enters a final sentencing order, this Court will not take jurisdiction over an appeal therefrom in the absence of a timely filed notice of appeal. *See* Rule 5A:6 ("[N]o appeal will be allowed unless, within 30 days after entry of final judgment or other appealable order or decree . . . counsel files with the clerk of the trial court a notice of appeal."); *Greer v. Commonwealth*, 67 Va. App. 324, 332 (2017) ("[T]he time requirement for the filing of a notice of appeal is jurisdictional."). Thirty days from November 20, 2023, fell on December 20, 2023. Yet, Perry did not file his notice of appeal until January 11, 2024.[4]

Therefore, Perry did not timely file his notice of appeal. This Court has no active jurisdiction, and we must dismiss this appeal.

CONCLUSION

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

*Dismissed*.

---

[3] We leave open for another day the question of whether such a non-final order sought to be suspended need be a written order.

[4] By filing his notice of appeal almost 21 days delinquent, Perry appears to have relied on the trial court's representation in its order adjudicating the motion to reconsider. There, the trial court provided that "[a]ll time periods for appeal shall run from the date of this order," which was entered on December 18, 2023. If the trial court had jurisdiction to enter the December 18 order, or to suspend the conviction and sentencing order, Perry would have had until January 17, 2024, to file his notice of appeal.