# Richmond

GUY H. FULLER v. COMMONWEALTH OF VIRGINIA.

April 27, 1949.

Record No. 3511.

Present, All the Justices.

The opinion states the case.

*Davis & Harth*, for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General*, and *Henry T. Wickham, Assistant Attorney General*, for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

Guy H. Fuller, nineteen years of age, was convicted by a jury on an indictment charging him with seducing under promise of marriage Shirley M. Jackson, an unmarried female of previous chaste character. The verdict fixed his punishment at confinement in the penitentiary for two years. Upon the verdict the lower court entered the following order to which a writ of error has been allowed:

"This day came the defendant, Guy H. Fuller, in person and by counsel, and the Commonwealth, by the Commonwealth's attorney, pursuant to the order heretofore entered in this case on July 6, 1948, and upon the motions heretofore made by the defendant to set aside the verdict of the jury and discharge the defendant or to award the defendant a new trial upon grounds therein assigned and upon the argument of counsel.

"The court being of the opinion that the verdict of the jury is right and proper and should not be set aside, doth deny the motions of the defendant and doth adjudge and order that the defendant is guilty as charged, and the court being of the further opinion that there are mitigating circumstances of sufficient nature to justify suspension of the sentence in accordance with provisions of section 1922b of the Code of Virginia, and particularly to justify the suspension of the imposition of sentence, and having so indicated to counsel, and being desirous of first having a report of the probation officer of this court but having been notified by counsel for the defendant of his desire to take an appeal from the judgment of the court, doth now suspend the imposition of any sentence for a period of sixty days in order to allow the defendant time for the presentation of a petition for a writ of error to the Supreme Court of Appeals of this State.

"The denial of which motions heretofore made and to this final judgment of the court, the defendant, by counsel, excepts.

"Thereupon the defendant, by counsel, having signified his intention of applying to the Supreme Court of Appeals of this State for the award of a writ of error and *supersedeas*

to the judgment of the court for a period of sixty days from the entry hereof within which to make such application,

"It is ordered by the court that the execution of the judg- ment be suspended for a period of sixty days from entry hereof.

"Thereupon the bail herein given was continued."

In *Sturgill* v. *Commonwealth*, 175 Va. 584, 588, 7 S. E. (2d) 141, 142, we pointed out that the judgment to which a writ of error lies in a criminal case under Code, sec. 4931, as amended by Acts 1930, ch. 393, p. 829, is a final judg- ment. Is the order here under review a final judgment?

It is well settled that in the absence of statute the pronouncement of sentence is a prerequisite to the finality of a judgment. Consequently, where an appeal is limited to a final judgment, an order wherein the pronouncement of sentence is suspended is ordinarily not appealable. See 24 C. J. S., Criminal Law, sec. 1649, pp. 245, 246; 2 Am. Jur., Appeal and Error, sec. 140, p. 934; *Berman* v. *United States*, 302 U. S. 211, 58 S. Ct. 164, 82 L. Ed. 204.

But the legislature may, of course, by appropriate statute permit an appeal from, or a writ of error to, such a judg- ment or order. This may be done either by express language granting the right of review of such an order, or by giving the judgment or order the necessary characteristics of a final judgment so as to be reviewable under the general law.

We are of opinion that the Virginia statute, providing for the use of probation and suspension of sentence in criminal and juvenile courts (Acts 1918, ch. 349, p. 528, as amended by Acts 1938, ch. 122, p. 188, Michie's Code of 1942, sec. 1922b), falls within the latter category. The pertinent portion of this statute reads thus:

"After a plea, a verdict or a judgment of guilty in any court having jurisdiction to hear and determine the offense, with which the prisoner at the bar is charged, if there be circumstances in mitigation of the offense, or if it appear compatible with the public interest, and in any case after a child has been declared delinquent or dependent, the court

may suspend the imposition or the execution of sentence, or commitment, and may also place the defendant on probation under the supervision of a probation officer, during good behavior, for such time and under such conditions of probation as the court shall determine. In case the prisoner has been sentenced for a misdemeanor and committed, the court, or the judge of such court in vacation may at any time before the sentence has been completely served, suspend the unserved portion of any such sentence. The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation. While on probation the defendant may be required to pay in one or several sums a fine imposed at the time of being placed on probation, or may be required to make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had, or may be required to provide for the support of his wife or others for whose support he may be legally responsible.

"The court may, for any cause deemed by it sufficient, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within the probation period, or if no probation period has been prescribed then within the maximum period for which the defendant might originally have been sentenced to be imprisoned, whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been orginially imposed; and in case the execution of the sentence has been suspended, the original sentence shall be in full force and effect, and the time of probation shall not be taken into account to diminish the original sentence. In the event that any person placed on probation shall leave the jurisdiction of the court without the consent of the judge, or having obtained leave to remove to another locality violates any of the terms of his probation, he may be apprehended and returned to said court and dealt with as provided above. Provided,

however, that nothing contained herein shall be construed to deprive any person of his or her right to appeal in the manner provided by law to the circuit or corporation court having criminal jurisdiction from a judgment or order revoking any suspended sentence."

The statute is highly remedial and should be liberally construed. It authorizes the trial court under proper circumstances, "after a plea, a verdict or a judgment of guilty," to suspend either the "imposition" of sentence or the "execution of sentence," or the "commitment" of the defendant. It provides for placing the defendant "on probation under the supervision of a probation officer, during good behavior, for such time and under such conditions of probation as the court shall determine."

After the trial court has adjudged the defendant "guilty" and has suspended either "the imposition or the execution of sentence, or commitment" of the defendant, and has fixed the terms of his probation, it has made a complete disposition of the case within the purview of the statute. Its action is then final and subject to review.

It is true that the statute authorizes the court "for any cause deemed by it sufficient" to revoke the suspension of sentence and probation, but such "cause," of course, refers to a matter or matters which may arise subsequent to the court's original disposition of the case. *Slayton* v. *Commonwealth*, 185 Va. 357, 38 S. E. (2d) 479. The happening of such an event, which brings into operation the right of revocation, does not alter the finality of the judgment previously entered.

But to say that a defendant must surrender his right to a suspension of the imposition of sentence and submit to a judgment, perhaps branding him a felon, as a condition to his right of appeal, would strip this highly remedial statute of much of its usefulness. Few defendants would be so bold as to swap the certainty of escape from punishment, offered by a suspension of imposition of sentence or a suspension of execution of sentence, for the uncertainty of escape through a possible reversal of the judgment on

appeal. Clearly, we think, the statute does not contemplate that the defendant should be put in that position.

When we examine the particular order before us we are forced to the conclusion that it is not a final judgment, such as is contemplated by the statute. While the order overrules the motion for a new trial and adjudicates "that the defendant is guilty as charged," it is not a complete disposition of the case. It recites that "there are mitigating circumstances of sufficient nature to justify suspension of the sentence," but that before taking such action the court is "desirous of first having a report of the probation officer." Clearly, then, the matter is still in the breast of the court. The terms of the probation are not fixed but are to await the report. Should the report be favorable the court may carry out its indicated intent to suspend the imposition of sentence, or the execution thereof, but should it be unfavorable the court may not adopt such a lenient course and may yet sentence the defendant to the penitentiary in accordance with the verdict.

Indeed, the order further continues that because of the indication of counsel for the defendant of his "desire to take an appeal from the judgment," the court defers the fixing of the terms of probation and merely suspends the imposition of the sentence temporarily, "for a period of sixty days," in order that a petition for a writ of error might be presented to the appellate court. This latter suspension is not under the authority of the probation statute but merely for the purpose of perfecting an appeal. Compare Code, sec. 4930.

Since the judgment or order under review is not final we are without jurisdiction of the matter and the writ must be dismissed. It is so ordered.

*Writ dismissed.*