COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


TIMMY BROWN

MEMORANDUM OPINION* BY

v.    Record No. 1596-02-1        JUDGE JERE M. H. WILLIS, JR.

                                  MARCH 18, 2003

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                  Louis R. Lerner, Judge

        Terry N. Grinnalds for appellant.

        Jennifer R. Franklin, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


    Timmy Brown was convicted in a bench trial of possession of

marijuana.  On appeal, he contends (1) that the trial court

erred by denying his motion to suppress, and (2) that the

evidence is insufficient to support his conviction.  The

Commonwealth has filed a motion to dismiss, arguing that because

Brown has not been sentenced in the trial court, there is no

final order upon which to base this appeal.  We agree and

dismiss the appeal.

                        BACKGROUND

    On September 20, 2001, Brown was convicted in the Hampton

Juvenile and Domestic Relations District Court of possession of

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

marijuana.  Because he had moved to Newport News, his case was transferred to the juvenile and domestic relations court of that jurisdiction, where final disposition occurred on January 10, 2002.  He moved back to Hampton and appealed his conviction to the trial court, which found him guilty and, in its March 14, 2002 conviction order, "transferred [the] matter to the Hampton Juvenile and Domestic Relations District Court for final disposition."  Brown appeals from that order.

## Analysis

Code § 17.1-406 provides, in pertinent part, that "[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from . . . any _final_ conviction in a circuit court of a traffic infraction or a crime, except where a sentence of death has been imposed."  (Emphasis added.)

> It is well settled that in the absence of statute the pronouncement of sentence is a prerequisite to the finality of a judgment.  Consequently, where an appeal is limited to a final judgment, an order wherein the pronouncement of sentence is suspended is ordinarily not appealable.

Fuller v. Commonwealth, 189 Va. 327, 330, 53 S.E.2d 26, 27 (1949).  The trial court convicted appellant but did not pronounce sentence.  Instead, it transferred the case back to the juvenile court.

In pertinent part, Code § 16.1-297 provides:

> Upon the rendition of _final judgment_ upon an appeal from the juvenile and domestic relations district court, the circuit court

-

shall cause a copy of its judgment to be filed with the juvenile court within twenty-one days of entry of its order, which shall thereupon become the judgment of the juvenile court. . . . [T]he circuit court may remand the child or adult to the jurisdiction of the juvenile court for its supervision and care, under the terms of its order or judgment, and thereafter such child or adult shall be and remain under the jurisdiction of the juvenile court in the same manner as if such court had rendered the judgment in the first instance.

Because the trial court failed to render a final judgment, it transferred the case to the juvenile court prematurely. Likewise, this appeal is premature. Therefore, we dismiss the appeal without prejudice and remand the case to the trial court.

<u>Dismissed.</u>