COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Alston and Senior Judge Coleman
Argued at Alexandria, Virginia


BRANDON P. EPPS, S/K/A
  BRANDON PATRICK EPPS
                                                              OPINION BY
v.        Record No. 1799-10-4                      JUDGE WILLIAM G. PETTY
                                                           NOVEMBER 15, 2011
COMMONWEALTH OF VIRGINIA


                      FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                    Robert J. Smith, Judge

                Ryan Campbell (King, Campbell & Poretz, PLLC, on briefs), for
                appellant.

                Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
                Cuccinelli, II, Attorney General, on briefs), for appellee.


        Pursuant to a plea agreement with the Commonwealth,[1] appellant, Brandon P. Epps, pled

guilty to possession of a controlled drug in violation of Code § 18.2-250.  The trial court

accepted Epps's plea and found him guilty as charged.  Before sentencing, Epps filed a motion

requesting the trial court to vacate its finding of guilt and continue the case generally, or

alternatively, to suspend imposition of sentence pursuant to Code § 19.2-303 with an implied

final disposition that would avoid a conviction.  At Epps's sentencing hearing, after listening to

argument by Epps's counsel, the trial court denied Epps's motion, stating that it did not have the

authority to do what Epps was requesting.  On appeal, Epps assigns error to the trial court's

─────────────────
        [1] Epps was originally charged with possession of cocaine with intent to distribute, in
violation of Code § 18.2-248.  In return for his plea of guilty, the Commonwealth reduced the
charge to simple possession of cocaine, with no agreement as to the appropriate sentence.  Epps
never moved to withdraw his guilty plea, nor does he suggest what effect such a motion might
have had upon his plea agreement with the Commonwealth.

determination that it did not have the authority to vacate its finding of guilt or suspend imposition of sentence. For the reasons expressed below, we disagree with Epps's arguments and affirm the judgment of the trial court.

## I. BACKGROUND

On April 28, 2010, the trial court entered an order accepting Epps's guilty plea and finding Epps guilty of possessing a controlled drug in violation of Code § 18.2-250.[2] On July 22, 2010, Epps filed a "Memorandum in Aid of Sentencing," in which he requested the trial court "to vacate the finding of guilt and continue the case generally . . . , or in the alternative, to suspend imposition of sentence." Between the time he pled guilty and the time of his sentencing hearing on July 23, 2010, Epps had been convicted of possession of marijuana. As Epps acknowledged, this rendered him ineligible for a deferred disposition under Code § 18.2-251.[3] Nevertheless, Epps argued that "a trial court has the ability to fashion a disposition in a criminal

_____

[2] The Attorney General did not argue on brief that Epps waived any right to appeal by pleading guilty. See Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969) ("Where a conviction is rendered upon [a voluntary and intelligent] plea [of guilty] and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal."). At oral argument, the Attorney General specifically declined to advance this argument. Therefore, we do not consider it.

[3] Code § 18.2-251 provides:

> Whenever any person who has not previously been convicted of any offense under this article or under any statute of the United States or of any state relating to narcotic drugs, marijuana, synthetic cannabinoids, or stimulant, depressant, or hallucinogenic drugs, or has not previously had a proceeding against him for violation of such an offense dismissed as provided in this section, pleads guilty to or enters a plea of not guilty to possession of a controlled substance under § 18.2-250 or to possession of marijuana under § 18.2-250.1, or to possession of synthetic cannabinoids under subsection B of § 18.2-248.1:1, the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

case that offers a defendant the opportunity *to avoid a conviction*." (Emphasis added.) Epps

pointed to Code § 19.2-303 and case law to support his argument.

At the sentencing hearing, Epps's counsel elaborated upon his request for an ultimate

acquittal if Epps complied with the court's conditions:

> I think what suspended imposition means is that the Court doesn't
> sentence. It's perhaps set for a future review date and it imposes
> conditions which can include probation, can include community
> service, can include all the other things that go along with
> probation, *but the intent of the Court is to allow a person*, if they
> [sic] have complied fully with that, *to walk away and rejoin
> society, not as a convicted felon*, but as a normal, productive
> citizen.

(Emphasis added.)[4]

In responding to Epps's argument, the trial court stated: "I disagree with your assessment

of the law. I don't think I have the authority to do what you're asking me to do . . . ."[5] Epps

now appeals from this ruling of the trial court.

---

[4] Epps's counsel also stated a little later: "Ultimately there's also case law that says if you comply, the case can be discharged. That's the word, discharged, with certain conditions."

[5] We presume that the trial court was aware of the law. Wilson v. Commonwealth, 23 Va. App. 318, 326, 477 S.E.2d 7, 10 (1996). Thus, we presume that the trial court was aware of the jurisdictional limitations on its authority imposed by Rule 1:1, which provides: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." See City of Suffolk v. Lummis Gin Co., 278 Va. 270, 276, 683 S.E.2d 549, 552 (2009) ("'Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case.'" (quoting Super Fresh Food Mkts. v. Ruffin, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002))). Furthermore, we also presume that the trial court was aware of the fact that a post-conviction order suspending the imposition of sentence is a final order. See Fuller v. Commonwealth, 189 Va. 327, 332, 53 S.E.2d 26, 28 (1949) ("After the trial court has adjudged the defendant 'guilty' and has suspended either 'the imposition or the execution of sentence, or commitment' of the defendant, and has fixed the terms of his probation, it has made a complete disposition of the case within the purview of the statute. Its action is then final and subject to review [on appeal]." (quoting a former version of what is now Code § 19.2-303)). While we focus our analysis in this opinion on Epps's arguments regarding the meaning of Code § 19.2-303, we do note that the trial court's comment concerning its authority to grant Epps's request is entirely consistent with the dictates of Rule 1:1.

## II. ANALYSIS

Epps argues that the trial court's authority under Code § 19.2-303 to suspend imposition of sentence includes the authority to fashion a disposition that ultimately offers a criminal defendant the opportunity to avoid a final conviction.[6] In other words, Epps contends that Code § 19.2-303 authorizes a trial court to vacate a previous conviction if a defendant complies with conditions that may be imposed upon him for the suspension of the imposition of his sentence. We disagree.

This Court has recently recognized that there exists no "common law power of a Virginia court to acquit a criminal defendant whose guilt has been proved beyond a reasonable doubt." Taylor v. Commonwealth, 58 Va. App. 435, 447, 710 S.E.2d 518, 524 (2011). In Taylor, the appellant argued that "the trial court erred by not using its 'inherent discretion and authority' to acquit her of grand larceny and substitute in its place a lesser crime of petit larceny." Id. at 437, 710 S.E.2d at 519. The appellant in Taylor "conceded . . . there was 'no legal basis' for [her] motion." Id. at 438, 710 S.E.2d at 519. Accordingly, Taylor addressed the inherent discretion and authority of a trial court to acquit a defendant. Regarding the inherent

---

[6] In addition to arguing that the trial court erred in determining that it did not have the authority to suspend imposition of sentence, Epps also maintains that the trial court erred in determining that it did not have the authority to vacate its finding of guilt and continue the case generally. However, Epps's argument in his brief does not address this latter issue. He points to no authority, statutory or inherent, on this point. We find Epps's failure to explain, develop, or support this argument significant. Therefore, we do not address it. See Rule 5A:20(e) (requiring the argument in an appellant's opening brief to contain "principles of law and authorities"); see also Atkins v. Commonwealth, 57 Va. App. 2, 20, 698 S.E.2d 249, 258 (2010) ("Because appellant provides no legal argument or authority in his brief to support his argument, and we find this omission significant, appellant's claim that the trial court erred . . . is waived under Rule 5A:20(e).").

Furthermore, we note that Epps entered a guilty plea pursuant to a plea agreement with the Commonwealth and that he neither moved to withdraw his guilty plea pursuant to Code § 19.2-296 nor offered any reason based on the merits of the case why the trial court should, after accepting his plea of guilty, have vacated that finding of guilt. See Holden v. Commonwealth, 26 Va. App. 403, 407, 494 S.E.2d 892, 894 (1998) ("Generally, absent an express statutory grant, trial courts may not dismiss criminal charges on grounds other than the legal or factual merits.").

authority of a trial court, Taylor held that "a Virginia court cannot refuse to convict a guilty defendant merely because it questions the category of offense assigned by the legislature, considers the range of statutory punishment too harsh, or believes certain guilty offenders undeserving of a criminal conviction." Id. at 442, 710 S.E.2d at 521. If a trial court has no inherent authority to refuse to convict a guilty defendant based on such subjective, legally extraneous reasons, certainly a trial court cannot vacate a previously entered conviction for such reasons.

Here, however, Epps distinguishes Taylor by pointing out that he has based his argument on a specific statute and relevant case law. Essentially, Epps maintains that Code § 19.2-303 grants a trial court the authority to do what Taylor held a trial court does not have the inherent authority to do, viz., permit a guilty defendant to escape a conviction. Thus, the question before us is slightly different from that presented in Taylor. The question confronting us is whether Code § 19.2-303 authorizes a trial court to vacate a previous conviction if a defendant complies with conditions that may be imposed upon him for the suspension of the imposition of his sentence. This is a question of statutory construction.

"'Statutory construction is a question of law which we review *de novo* on appeal.'" Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480, 666 S.E.2d 361, 368 (2008) (quoting Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007)). "'[C]ourts apply the plain language of a statute unless the terms are ambiguous.'" Id. (alteration in original) (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006)).

Code § 19.2-303 provides: "After conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine . . . ." Code § 19.2-306(C) further provides: "If the court, after hearing, finds good cause to believe

that the defendant has violated the terms of suspension, then: (i) if the court originally suspended the imposition of sentence, the court shall revoke the suspension, and the court may pronounce whatever sentence might have been originally imposed . . . ."

This language is unambiguous. It plainly grants a trial court the discretion to suspend imposition of sentence after a defendant has been convicted of a crime and, if the defendant fails to comply with any conditions placed upon him, to impose a lawful sentence. However, the language of these statutes contains no authorization whatsoever for a trial court to vacate a prior conviction upon a defendant's compliance with conditions placed upon him for the suspension of the imposition of his sentence.

Certainly, if a trial court suspends imposition of sentence, "when the accused has complied with conditions specified, he has a right to rely upon them, and the suspension will stand. The action of the court should not, under any circumstances, be arbitrary." Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964). A defendant who complies with the conditions of a suspended imposition of sentence is entitled to avoid receiving and serving a sentence for his crime, depending on the provisions of the trial court's suspension order. Cf. Dyke v. Commonwealth, 193 Va. 478, 483, 69 S.E.2d 483, 486 (1952) (noting that where the trial court's order had suspended the execution of the defendant's sentence, had the defendant kept the condition of his suspension, the trial court "could not . . . have revoked the suspension and required the defendant to serve the sentence"). Indeed, we see no reason why the general rule for suspension of execution of sentence should not apply to suspension of imposition of sentence as well:

> "Where a sentence in a criminal case is suspended upon certain
> valid conditions expressed in the sentence imposed, the prisoner
> has a right to rely upon such conditions, and so long as he complies
> therewith the suspension should stand. In such a case he carries
> the keys to his freedom in his willingness to comply with the
> court's sentence."

<u>Griffin</u>, 205 Va. at 354, 136 S.E.2d at 844 (quoting <u>State v. Robinson</u>, 103 S.E.2d 376, 378-79 (N.C. 1958)).

However, this does *not* mean that a defendant who complies with the conditions of a suspended imposition of sentence is entitled to have his conviction vacated. Avoiding sentencing and punishment is not the same as avoiding adjudication of guilt and a record of conviction.[7] The plain language of Code § 19.2-303 authorizes the former, but does not authorize the latter.

Our observation regarding the plain language of Code § 19.2-303 is reinforced by the fact that the legislature has already provided carefully circumscribed means to allow certain defendants charged with specific offenses to avoid conviction. <u>See</u> Code §§ 18.2-57.3 (domestic assault and battery), 18.2-251 (illegal drug possession), 19.2-303.2 (misdemeanor property offenses). Under these statutes, a trial court may defer disposition for defendants who meet certain criteria (e.g., not repeat offenders). If the defendants comply with the terms and conditions the trial court imposes, they will not be convicted. Had the legislature intended, in enacting Code § 19.2-303, to grant a trial court broad authority to fashion a disposition in *any* criminal case that offers a defendant the opportunity to avoid a final conviction, these other statutes would be superfluous. However, we interpret statutory language, whenever possible, to avoid rendering other statutory language superfluous. <u>Cook v. Commonwealth</u>, 268 Va. 111,

---

[7] This is not a merely theoretical distinction. There are important practical ramifications for a defendant who is convicted of a crime, even though he may not be sentenced or punished for that crime. For example, a convicted felon or perjurer may be impeached with his prior conviction, Code § 19.2-269; a convicted felon may not knowingly and intentionally possess or transport a firearm, Code § 18.2-308.2; a convicted felon is disqualified from voting, Code § 24.2-101; a person convicted of certain offenses is ineligible for a deferred disposition in certain subsequent criminal prosecutions, <u>e.g.</u>, Code §§ 18.2-57.3 (domestic assault and battery), 18.2-251 (illegal drug possession), 19.2-303.2 (misdemeanor property offenses); and an individual with one or more previous convictions may be subject to enhanced penalties for subsequent crimes for which he is convicted, <u>e.g.</u>, Code §§ 18.2-57.2 (domestic assault and battery), 18.2-248(C) (distributing or possessing with intent to distribute a controlled substance).

114, 597 S.E.2d 84, 86 (2004) ("Words in a statute should be interpreted, if possible, to avoid rendering words superfluous."); Zhou v. Zhou, 38 Va. App. 126, 136, 562 S.E.2d 336, 340 (2002) (noting that basic canons of statutory construction proscribe interpreting statutory language in a way that renders other statutory language superfluous).

The intent of the legislature in enacting statutes such as Code §§ 18.2-57.3, 18.2-251, and 19.2-303.2 was to permit certain defendants to avoid a criminal conviction, but *only* under certain conditions. "'[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'" Commonwealth v. Amerson, 281 Va. 414, 418-19, 706 S.E.2d 879, 882 (2011) (alteration in original) (quoting Conger v. Barrett, 280 Va. 627, 630, 702 S.E.2d 117, 118 (2010)); see also B.P. v. Commonwealth, 38 Va. App. 735, 739, 568 S.E.2d 412, 413 (2002) ("We will not place a construction upon a statute which leads to an absurd result or one plainly contrary to the expressed intent of the General Assembly . . . ."). The legislative intent expressed in these statutes is not consistent with the proposition that Code § 19.2-303 gives a trial court unfettered authority to permit any defendant to avoid a conviction under any circumstances the trial court deems appropriate. Rather, these statutes express a clear intent to permit certain defendants to avoid conviction only in limited circumstances. Thus, the legislative intent expressed in other statutes corroborates our interpretation of the plain language of Code § 19.2-303. Code § 19.2-303 authorizes a trial court to suspend imposition or execution of sentence, but it simply does not authorize a trial court "to fashion a disposition in a criminal case that offers a defendant the opportunity to avoid a final conviction," as Epps argues.

Despite the plain language of Code § 19.2-303, Epps maintains that Hernandez v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011), supports his position. In Hernandez, the Supreme Court held that

> during the interval between the conclusion of the evidence and the
> entry of a written order adjudicating the defendant guilty, the

- 8 -

> circuit court ha[s] the inherent power, in the exercise of its discretion, to take the matter under advisement and to continue the case for future disposition, subject to such lawful conditions as the court might prescribe.

Id. at 226, 707 S.E.2d at 275. In other words, "Until the court enters a written order finding the defendant guilty of a crime, the court has the inherent authority to take the matter under advisement or to continue the case for disposition at a later date." Id. This is because "'the act of rendering judgment is within the inherent power of the court and . . . the very essence of adjudication and entry of judgment by a judge involves discretionary power of the court.'" Id. at 225, 707 S.E.2d at 274 (quoting Moreau v. Fuller, 276 Va. 127, 139, 661 S.E.2d 841, 847-48 (2008)).

Here, however, the trial court had already rendered its judgment, pursuant to Epps's voluntary guilty plea, that Epps was guilty of violating Code § 18.2-250. The trial court had exercised its inherent adjudicatory power and, pursuant to Epps's guilty plea, had entered a written order finding him guilty of possessing a controlled drug. Thus, contrary to Epps's contention, the holding of Hernandez is not dispositive of this case.

Moreover, the Supreme Court in Hernandez expressly noted that neither Moreau nor Hernandez addressed "the question whether a court may defer judgment and continue a case with a promise of a particular disposition at a later date." Hernandez, 281 Va. at 225, 707 S.E.2d at 274. Here, Epps is not arguing that the trial court erred by failing to recognize that it had authority to continue a case while it contemplated what judgment to enter. Rather, Epps's position is that the trial court erred by failing to conclude that *after* adjudicating a defendant guilty, it could later, based solely on the defendant's compliance with the conditions of suspension, vacate that judgment and adjudicate the defendant not guilty.[8]

_____

[8] To the extent Epps is arguing that the trial court can simply vacate its order of conviction and then do nothing further to adjudicate the case, we note that a trial court's

- 9 -

In addition, Epps also points to <u>Holden v. Commonwealth</u>, 26 Va. App. 403, 494 S.E.2d 892 (1998), and <u>Fuller v. Commonwealth</u>, 189 Va. 327, 53 S.E.2d 26 (1949), to support his position. However, these cases do not help Epps's argument. <u>Holden</u> briefly acknowledges the general proposition that Code § 19.2-303 authorizes suspension of imposition of sentence, 26 Va. App. at 407, 494 S.E.2d at 894, but it does not address the issue of whether that section authorizes a trial court to vacate a previous finding of guilt upon a defendant's compliance with the terms and conditions of the suspension of the imposition of his sentence. Moreover, although <u>Fuller</u> similarly acknowledges the authority of a trial court to suspend imposition of a defendant's sentence, <u>Fuller</u> states that the remedy "offered by a suspension of imposition of sentence" is "escape from *punishment*." 189 Va. at 332, 53 S.E.2d at 28 (emphasis added). This stands in contrast to the remedy of "a possible reversal of the judgment on appeal." <u>Id.</u> at 332-33, 53 S.E.2d at 28. <u>Fuller</u> simply cannot be read to authorize a trial court to vacate a previous judgment of conviction after it "has adjudged the defendant 'guilty' and has suspended [the imposition of the defendant's sentence]." <u>Id.</u> Furthermore, none of the other case law that Epps cites supports such a proposition.

At common law, "[t]here simply was no such thing as a judicial pardon." <u>Taylor</u>, 58 Va. App. at 445, 710 S.E.2d at 523. Under Epps's reading of Code § 19.2-303, however, that

permanent refusal to adjudicate a case properly brought before it would directly contradict the proper role of the judiciary and would undermine the appropriate roles of the other branches of government. <u>See</u> <u>Ex parte United States</u>, 242 U.S. 27, 42 (1916) ("[T]he possession by the judicial department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments and hence leave no law to be enforced."). "Where [a] defendant has been duly indicted for an offense found to be within the statute, and the proper authorities seek to proceed with the prosecution, the court cannot refuse to try the case in the constitutional method because it desires to let the defendant go free." <u>Sorrells v. United States</u>, 287 U.S. 435, 450 (1932); <u>see also</u> <u>Taylor</u>, 58 Va. App. at 442, 710 S.E.2d at 521 ("[A] Virginia court cannot refuse to convict a guilty defendant merely because it questions the category of offense assigned by the legislature, considers the range of statutory punishment too harsh, or *believes certain guilty offenders undeserving of a criminal conviction*." (emphasis added)).

statute grants a trial court what is essentially the authority to pardon a guilty defendant. We disagree. The Supreme Court has expressly held that the statutory predecessor of Code § 19.2-303 does not "constitute an invasion of the pardoning power of the governor" because, "[suspending execution of a sentence] is not a pardon, excuse, immunity, or relief, from the punishment, but a mere suspension, or postponement, of its execution." Richardson v. Commonwealth, 131 Va. 802, 809, 109 S.E. 460, 462 (1921). If suspending the imposition or execution of sentence is not a pardon from punishment, certainly it cannot be used as a means to gain pardon from a conviction. Contrary to Epps's contention, Code § 19.2-303 does not authorize a trial court that has previously entered an order of conviction based upon the defendant's plea of guilty to vacate that conviction solely as an act of judicial clemency.

We recognize that had Epps argued merely that the trial court should have suspended the imposition of his sentence as a means for him to escape the potential *punishment* for his crime, this case would present a different issue for our review. However, Epps expressly asked the trial court for "the opportunity to avoid a *conviction*" (emphasis added), not simply for the opportunity to avoid *punishment*.[9] We hold that, under these circumstances, the trial court did not err when it stated that it did not have the authority to do what Epps was requesting.

---

[9] Epps also argued, "Ultimately there's also case law that says if you comply, the case can be discharged. That's the word, discharged, with certain conditions." It is true that the term "discharge" appears in certain case law discussing what may happen when a defendant complies with the terms and conditions of the suspension of the imposition of his sentence. See Grant v. Commonwealth, 223 Va. 680, 686, 292 S.E.2d 348, 351 (1982); cf. Dyke v. Commonwealth, 193 Va. 478, 483-84, 69 S.E.2d 483, 486 (1952) (using "discharge" in the context of a defendant's compliance with the conditions of a suspended *execution* of sentence). A defendant who complies with the terms and conditions of the suspension of the imposition of his sentence may seek "an order of complete discharge" from the trial court, clarifying that he is no longer "subject to the sentencing authority of the [trial] court." Grant, 223 Va. at 686, 292 S.E.2d at 351; cf. Reinemer v. Commonwealth, 16 Va. App. 462, 464, 431 S.E.2d 68, 70 (1993) (stating that a trial court's order discharging a defendant from probation "discharged him from the [trial] court's jurisdiction"). However, such "discharge" from the trial court's sentencing authority in no way entails the vacating of a prior order of conviction. A defendant who complies with terms and conditions placed upon him for the suspension of his sentence is entitled to a final declaration

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>

---

that he is no longer subject to the possibility of punishment for his crime, but he is *not* entitled to have the trial court vacate its prior adjudication of guilt and order of conviction.