UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


GARY RAY SUGG

MEMORANDUM OPINION[*] BY
v.      Record No. 1625-13-1          JUDGE ROBERT P. FRANK
JULY 22, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Laura Strick, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Gary Ray Sugg, appellant, was convicted of grand larceny in violation of Code § 18.2-95.

On appeal, appellant contends the trial court erred in holding it lacked jurisdiction to hear

appellant's motion to set aside the verdict under Rule 1:1, finding more than twenty-one days

had elapsed since the entry of the sentencing order, a final order.  For the reasons stated, we

affirm the judgment of the trial court.

BACKGROUND

On October 26, 2012, the trial court sentenced appellant to ten years in the penitentiary,

with nine years and six months suspended upon certain terms and conditions, including good

behavior, probation, and payment of restitution.  At that time, the amount of restitution due the

victim was not yet determined.  The court ordered that restitution be determined no later than

two weeks from October 26, 2012.  The court also ordered restitution of $50 to Best Pawn Shop.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant was then advised of his right to appeal. Neither the trial court nor the sentencing order continued the case for a determination of restitution.

Fourteen days later, on November 9, 2012, the Commonwealth's attorney filed an inventory of the stolen items but did not request the court set a hearing date to rule on the amount of restitution.

On November 20, 2012 (beyond the two weeks), appellant filed a motion requesting a hearing to determine restitution. The trial court granted the motion and continued the hearing date a number of times. On April 11, 2013, the Commonwealth's attorney provided appellant with a "disclosure of potentially exculpatory information." Thereafter, appellant filed a motion to set aside the verdict based on "after discovered exculpatory evidence." Appellant never moved to stay the proceedings, or asked the court to vacate or modify the October 26, 2012 sentencing order.

On August 1, 2013, the court conducted a hearing on restitution and appellant's motion to set aside the verdict. The trial court opined it had no jurisdiction to rule on the motion to set aside the verdict or to order restitution. It found the October 26, 2012 sentencing order was a final order depriving the court of jurisdiction after twenty-one days from the entry of that order. The trial court rejected appellant's argument that the sentencing order was not a final order because the amount of restitution was not determined at that time.

The trial court found that restitution was not resolved within two weeks of the sentencing order, the sentencing order was a final order, and that appellant never moved to stay, vacate or modify the order. In finding that the trial court had lost jurisdiction, the court explained that it had limited the time frame to fourteen days "because it's less than 21 days; and so after 21 days, I don't have any jurisdiction to do anything."

This appeal follows.

ANALYSIS

The very narrow issue in this case is whether the October 26, 2012 sentencing order was

a final order even though it did not establish the amount of restitution due the victim. If that

order is final, the trial court correctly determined it had no jurisdiction under Rule 1:1. However,

if that order was not a final order, the court did not lose jurisdiction and thus erred.

Rule 1:1 states in part:

> All final judgments, orders, and decrees, irrespective of terms of
> court, shall remain under the control of the trial court and subject
> to be modified, vacated, or suspended for twenty-one days after the
> date of entry, and no longer.

Generally, a circuit court loses jurisdiction over a case twenty-one days after the entry of

a final order. Rule 1:1; see also Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 563, 561

S.E.2d 734, 739 (2002) ("Once a final judgment has been entered and the twenty-one day time

period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case.").

However, the general rule may be superseded by a statute in which the General Assembly

expresses its intent that courts retain jurisdiction. Belew v. Commonwealth, 284 Va. 173, 177,

726 S.E.2d 257, 259 (2012).[1]

The running of the twenty-one-day time period prescribed by Rule 1:1 may be interrupted

only by the entry, within the twenty-one-day time period, of an order modifying, vacating, or

---

[1] We note none of the statutory exceptions apply here. We further note that the October 26, 2012 order did not retain jurisdiction.

> [W]hen a trial court enters an order, or decree, in which a judgment
> is rendered for a party, unless that order expressly provides that the
> court retains jurisdiction to reconsider the judgment or to address
> other matters still pending in the action before it, the order renders
> a final judgment and the twenty-one day time period prescribed by
> Rule 1:1 begins to run.

Super Fresh Food Mkts. of Va., 263 Va. at 561, 561 S.E.2d at 737.

suspending the final judgment order.  Berean Law Group, P.C. v. Cox, 259 Va. 622, 626, 528

S.E.2d 108, 111 (2000).  Neither party contends such an order was entered.

> As defined by the Virginia Supreme Court, a final order "'is one
> which disposes of the whole subject, gives all the relief
> contemplated, provides with reasonable completeness for giving
> effect to the sentence, and leaves nothing to be done in the cause
> save to superintend ministerially the execution of the order.'"
> James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002)
> (quoting Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139
> S.E.2d 31, 35 (1964))[.]  If "further action of the court in the cause
> is necessary to give completely the relief contemplated by the
> court, the decree is not final but interlocutory."  Brooks v. Roanoke
> County Sanitation Auth., 201 Va. 934, 936, 114 S.E.2d 758, 760
> (1960).

de Haan v. de Haan, 54 Va. App. 428, 436-37, 680 S.E.2d 297, 302 (2009) (other citations

omitted).

The question of whether a particular order is a final judgment is a question of law that we

review *de novo*.  Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259

(1999) (*en banc*).

Thus, our inquiry is whether the October 26, 2012 sentencing order disposed of the entire

action and left nothing to be done.  Specifically, did the failure to determine the amount of

restitution within two weeks render the sentencing order interlocutory?

Code § 19.2-307 provides in part:

> The judgment order shall set forth the plea, the verdict or findings
> and the adjudication and sentence, whether or not the case was
> tried by jury, and if not, whether the consent of the accused was
> concurred in by the court and the attorney for the Commonwealth.

Code § 19.2-305.1(A) states in part:

> [N]o person convicted of a crime in violation of any provision in
> Title 18.2 which resulted in property damage or loss, shall be
> placed on probation or have his sentence suspended unless such
> person shall make at least partial restitution for such property
> damage or loss, or shall be compelled to perform community

- 4 -

> services, or both, or shall submit a plan for doing that which
> appears to the court to be feasible under the circumstances.

Code § 19.2-303 authorizes the court to suspend the sentence in whole or in part and, in addition, may place the defendant on probation under such conditions as the court may determine, including restitution.

The Commonwealth contends the October 26, 2012 sentencing order satisfies Code §§ 19.2-307 and 19.2-305.1, since it sets forth the plea, the verdict, and the sentence. Further, the Commonwealth argues that by setting the two-week deadline established in the sentencing order, the court indicated its awareness that after twenty-one days, the court would no longer have jurisdiction.

Here, restitution was a condition of the suspended sentence, yet no amount was established at time of sentencing as mandated by statute. The terms of the suspended sentence were not complete. See Fuller v. Commonwealth, 189 Va. 327, 333, 53 S.E.2d 26, 28 (1949) (holding that after the court found defendant guilty, but withheld sentencing until receipt of the probation report, the adjudication of guilt was not a final order because the matter was "still in the breast of the court").

The trial court allowed the Commonwealth fourteen days for the court to determine the exact amount of restitution. In finding that it had lost jurisdiction, the trial court explained that it had limited the time frame to fourteen days "because it's less than 21 days; and so after 21 days, I don't have any jurisdiction to do anything." We note that "trial courts have the authority to interpret their own orders." Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000). "'Furthermore, when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court.'" Id. (quoting Rusty's Welding Serv., Inc., 29 Va. App. at 129, 510 S.E.2d at 260).

Thus, the trial court, knowing the restrictions of Rule 1:1, explained why it set a deadline within the twenty-one-day period. The two-week deadline was a condition precedent for the ascertainment of the amount of restitution. A condition precedent is "[a]n act or event, other than the lapse of time, that must exist or occur before a duty to perform something promised arises." Black's Law Dictionary 355 (10th ed. 2014).

Having failed to meet the condition precedent, no amount of restitution was ordered. The burden is on the Commonwealth to prove restitution by a preponderance of the evidence. Bazemore v. Commonwealth, 25 Va. App. 466, 468, 489 S.E.2d 254, 255 (1997). The trial court allowed the Commonwealth to satisfy its burden within two weeks, specifically setting a deadline of November 9, 2012. While the Commonwealth filed an inventory of the stolen property on November 9, 2012, it did not ask for a hearing, and therefore restitution was never determined. The plain meaning of the sentencing order required that the restitution amount be determined within two weeks. Simply filing an inventory of stolen property did not satisfy the court's order. Thus, the Commonwealth failed in its burden to prove restitution. As of November 9, 2012, there was no restitution to be awarded. The events occurring after that date did not revive the restitution issue.

Assuming without deciding the October 26, 2012 order was not final, it became final on November 9, 2012 when restitution was no longer before the court. On that date, the order disposed of the entire subject matter, gave all the relief contemplated, and left nothing further to be done. The hearing on restitution and appellant's motion to set aside the verdict was held on August 1, 2013, substantially more than twenty-one days from the entry of the order. We conclude the trial court properly ruled it had no jurisdiction to entertain those two issues.

Therefore, the judgment of the trial court is affirmed.

Affirmed.