COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


WINSTON SYLVESTER OLIVER, II
                                            OPINION BY
v.    Record No. 0933-00-2      JUDGE JEAN HARRISON CLEMENTS
                                          APRIL 17, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Herbert C. Gill, Jr., Judge

              Douglas A. Ramseur (Bowen, Bryant, Champlin &
              Carr, on brief), for appellant.

              Kathleen B. Martin, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     Winston Sylvester Oliver, II, was convicted in a bench

trial of forgery and uttering, each in violation of Code

§ 18.2-172, and of failing to appear in court, a felony, in

violation of Code § 19.2-128.  He was sentenced to ten years

imprisonment, with seven years suspended, on the forgery

conviction.  The court suspended the imposition of sentence on

the other two convictions.  On appeal, Oliver contends the trial

court erred in finding the evidence sufficient to sustain his

convictions.

     In awarding this appeal, we directed the parties to address

the jurisdictional issue of whether the trial court's sentencing

order is a final, appealable order of conviction for uttering

and failing to appear in court.  Finding that order to be a final, appealable order as to those convictions and finding no error by the trial court, we affirm the convictions.

## I.  BACKGROUND

On September 26, 1998, at 11:37 a.m., Oliver purchased a can of juice at the Styles Bi-Rite Store in Chesterfield County. In payment for the juice, he presented a check made out to him for $645.  The check, dated September 25, 1998, and drawn on a bank account of Putnam's Maintenance Service, was purportedly signed by Richard Putnam.  It bore a notation that it was "For: Working."

Oliver was charged $0.52 for the juice and $12.90 to cash the check and was paid the balance in cash.  The total charge and the amount of the check, as well as the date and time of the transaction, were recorded by the cash register on the back of the check.  Before cashing the check, Ruth Poling, the cashier who handled the transaction, made a photocopy of the check and Oliver's driver's license, noted the date and time of the transaction on the photocopy, and initialed the front of the check.  The check was subsequently returned to the store by the bank, stamped, "PAYMENT STOPPED."

In addition to the returned check and the photocopy of the check and Oliver's license made by Poling, the Commonwealth also introduced into evidence a videotape recording of the transaction.  The videotape was from the store's video

surveillance system.  It showed Oliver paying for the juice by check and the cashier making a photocopy of the check and Oliver's license and paying Oliver the balance of the amount of the check in cash.  Poling did not appear at trial, but Dean Goins, the store's assistant manager, identified the videotape as being from the store's surveillance system.  He also identified, from the videotape, the date and time of the transaction in question and verified that it matched the date and time shown on the check and the photocopy made by Poling. Goins also testified that the videotape showed that Poling correctly followed the store's check-cashing policy by making a photocopy of the check and Oliver's driver's license, noting the date and time of the transaction on the photocopy, and initialing the front of the check before she cashed the check.

Richard A. Putnam, the owner-operator of Putnam's Maintenance Service, testified that Oliver worked for his company for three days during the period of September 21, 1998 through September 24, 1998.  Putnam also testified that, during that time period, he kept his checkbook in a vehicle to which Oliver had access.  He identified Oliver as the person seen on the store's videotape cashing the check.  He also identified the check cashed by Oliver at the store as being one of his business checks but testified that he did not write or sign the check or authorize Oliver or anyone else to sign his name on it.

As to the failure to appear charge, Officer Bradley E. Harter testified that he was present in the general district court for Oliver's preliminary hearing on a separate charge on September 3, 1998, but Oliver was not there. Without objection, the trial court took judicial notice of its own records from the district court concerning the notice that was given to Oliver of the date and time of the preliminary hearing.

At the close of the evidence, Oliver moved to strike all three of the charges against him, arguing that the Commonwealth failed to prove he was the person who forged and uttered the check or that he was aware of the September 3, 1998 preliminary hearing court date. The trial court overruled the motion and found Oliver guilty as charged. On the forgery conviction, the court sentenced Oliver to ten years in prison, with seven years suspended for twenty years upon certain conditions, including his being placed on supervised probation following his release from confinement. On the convictions of uttering and failing to appear in court, the trial court suspended the imposition of sentence for twenty years upon the same conditions.

## II. FINALITY OF ORDER

As a threshold matter, we must decide whether the trial court's sentencing order suspending the imposition of Oliver's sentence on the uttering and failing to appear in court convictions is a final, appealable order as to those convictions. If it is not, we have no jurisdiction over the

appeals from those convictions.  See Fuller v. Commonwealth, 189

Va. 327, 333, 53 S.E.2d 26, 29 (1949); Code § 17.1-406.[1]  Both

Oliver and the Commonwealth maintain that the April 5, 2000

sentencing order is a final, appealable order of conviction for

uttering and failing to appear in court, respectively.  We

agree.

The Supreme Court's reasoning in Fuller guides our

analysis.  In that case, the jury found Fuller guilty of

seducing an unmarried female of previously chaste character and

fixed his sentence at two years in prison.  However, the trial

court found, according to its order under review by the Supreme

Court, that "there [were] mitigating circumstances of sufficient

nature to justify suspension of the sentence in accordance with

provisions of section 1922b of the Code of Virginia."  The trial

court, though, decided to wait for a report from the probation

officer before taking such action.  Furthermore, upon being

advised that Fuller wished to appeal his conviction, the trial

court suspended the imposition of the sentence "for a period of

sixty days" to allow for the appeal.

On appeal, the Supreme Court raised the threshold issue of

whether the trial court's order suspending the imposition of the

---

[1] Code § 17.1-406 provides, in pertinent part, that "[a]ny
aggrieved party may present a petition for appeal to the Court
of Appeals from . . . any final conviction in a circuit court of
a traffic infraction or a crime, except where a sentence of
death has been imposed."  (Emphasis added.)

defendant's sentence was a final, appealable order.  It examined

the two distinct suspensions of the imposition of the

defendant's sentence raised in the trial court's order, namely,

the contemplated suspension under Code § 1922b based on

mitigating circumstances and the ordered sixty-day suspension to

allow for the appeal.  The Supreme Court noted

> that in the absence of statute the
> pronouncement of sentence is a prerequisite
> to the finality of a judgment.
> Consequently, where an appeal is limited to
> a final judgment, an order wherein the
> pronouncement of sentence is suspended is
> ordinarily not appealable.
>     But the legislature may, of course, by
> appropriate statute permit an appeal from,
> or a writ of error to, such a judgment or
> order.  This may be done either by express
> language granting the right of review of
> such an order, or by giving the judgment or
> order the necessary characteristics of a
> final judgment so as to be reviewable under
> the general law.

Id. at 330, 53 S.E.2d at 27.

The Court found that Code § 1922b, which allowed a court to

suspend the imposition or the execution of a defendant's

sentence and place the defendant on probation, fell "within the

latter category."  Id.  "After the trial court has adjudged the

defendant 'guilty' and has suspended either 'the imposition or

the execution of sentence, or commitment' of the defendant, and

has fixed the terms of his probation, it has," according to the

Court, "made a complete disposition of the case within the

purview of the statute.  Its action is then final and subject to

review." Id. at 332, 53 S.E.2d at 28 (quoting Code § 1922b). To conclude otherwise, the Court opined, "would strip this highly remedial statute of much of its usefulness." Id. Clearly, the Court added, the statute did not contemplate putting the defendant in the position of having to "surrender his right to a suspension of the imposition of sentence and submit to a judgment, perhaps branding him a felon, as a condition to his right of appeal." Id. at 332-33, 53 S.E.2d at 28.

Ultimately, though, the Supreme Court decided that the particular order before it was not a final, appealable order, as contemplated by Code § 1922b, because it was "not a complete disposition of the case." Id. at 333, 53 S.E.2d at 28. The temporary suspension the trial court ordered of the imposition of Fuller's sentence was "not under the authority of the probation statute but merely for the purpose of perfecting an appeal." Id. at 333, 53 S.E.2d at 29. Because the trial court was awaiting the probation report, the order did not fix the terms of the probation or the sentence. Id. at 333, 53 S.E.2d at 28-29. "Clearly, then," as the Supreme Court concluded, "the matter [was] still in the breast of the [trial court]." Id. at 333, 53 S.E.2d at 28.

The Supreme Court's reasoning in Fuller is equally applicable here. The current "probation" statute, a successor of Code § 1922b and applicable to the case before us, is Code

§ 19.2-303.  It provides, in pertinent part, that, "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine."  We conclude, under the principles set forth in Fuller, that Code § 19.2-303 permits an appeal from an order suspending imposition of sentence.  To conclude otherwise would strip Code § 19.2-303, a highly remedial statute, of much of its usefulness.

In the present case, the trial court found Oliver guilty of forgery, uttering, and failing to appear in court, respectively. The court entered an order sentencing Oliver on the forgery conviction to ten years in prison with seven years suspended for twenty years and suspending imposition of sentence for twenty years on the uttering and failing to appear in court convictions.  As a condition of the suspension of the seven years on the forgery conviction and the suspension of the imposition of sentence on the other convictions, Oliver was "placed on supervised probation to commence on release from incarceration."

We hold that the sentencing order entered by the trial court in this case is a complete disposition of the case as to all three of Oliver's convictions and is, thus, a final, appealable order of those convictions, such as is contemplated

by Code § 19.2-303.  Accordingly, all three convictions challenged by Oliver are subject to appellate review.

### III.  SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987).  We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).  We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

### A.  FORGERY AND UTTERING

Oliver's sole contention on appeal relative to his forgery and uttering convictions is that those convictions were based on an "unclear videotape" of "such poor quality as to [be] useless" to "show the act of the fraudulent check being passed."  Thus, he argues, the Commonwealth did not prove he was the person who cashed the check.  We disagree.

Code § 18.2-172 provides, in pertinent part, that, "[i]f any person forge any writing . . . to the prejudice of another's

right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be guilty of a Class 5 felony." "Forgery is a common law crime in Virginia. It is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald v. Commonwealth, 227 Va. 171, 173-74, 313 S.E.2d 394, 395 (1984) (quoting Bullock v. Commonwealth, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964)). "Moreover, '[p]ossession of a forged check by an accused, which he claims as a payee, is prima facie evidence that he either forged the instrument or procured it to be forged.'" Id. at 174, 313 S.E.2d at 395 (emphasis omitted) (quoting Laird v. State, 406 So. 2d 35, 36 (Miss. 1981)). Uttering, a separate and distinct offense, is "an assertion by word or action that a writing known to be forged is good and valid." Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964).

Here, the evidence established that on September 26, 1998, at 11:37 a.m., a check for $645, drawn on a bank account of Putnam's Maintenance Service and purportedly signed by Richard Putnam, was cashed at Styles Bi-Rite Store. It was made out to "Winston Oliver" and was dated September 25, 1998. The person who presented the check gave the cashier a driver's license with Oliver's full and exact name on it. The bank returned the check to the store unpaid, payment having been stopped.

Richard Putnam did not write or sign the check. Neither did he authorize Oliver or anyone else to sign his name to the check. Oliver had access to Putnam's checkbook during the three days he worked for Putnam, less than a week before the check was presented at the store to be cashed.

The store's video surveillance system captured the transaction on tape. While the quality of the tape is not perfect, it clearly shows a man purchasing a can of drink and giving the cashier a piece of paper resembling a check at, according to the clock on the wall, 11:37 a.m. At one point on the video, that same man's face is seen very clearly at fairly close range. Putnam identified Oliver as the person seen on the videotape cashing the check. Moreover, the trial court had the opportunity to compare the person seen on the videotape cashing the check with the defendant in court.

From this evidence, the trial court was entitled to find beyond a reasonable doubt that the check was forged and uttered by Oliver. See Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984) (holding that circumstantial evidence that is wholly consistent with guilt may prove guilt beyond a reasonable doubt where all the circumstances of time, place, motive, means, opportunity and conduct point to the accused as the perpetrator of the crime). Hence, we hold that the evidence presented in this case was sufficient to prove beyond a reasonable doubt that Oliver was guilty of forgery and uttering.

B.   FAILURE TO APPEAR IN COURT

Oliver next contends the evidence was insufficient to convict him of failing to appear in the general district court on September 3, 1998, for a preliminary hearing, because no evidence proved that he was actually given notice of that court date.  We conclude, however, that this issue is procedurally barred.

Our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986).  "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court.  We may act only upon facts contained in the record."  Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

Furthermore, we do not presume on appeal that the trial court has erred.  Indeed,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed."

Id. (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

The record in this case lacks information that is critical to our determination of the issue raised by Oliver.  All of the

relevant evidence regarding the notice given to Oliver of the court date of September 3, 1998 was contained in the records of the general district court.  The trial court had those records in its files and took judicial notice of them at trial, without objection.  Those records, however, were not made a part of the record before us.

In finding Oliver guilty of the offense of failing to appear in court, the trial court necessarily decided that Oliver's receipt of notice of the court date was sufficiently proved.  The trial court's judgment is presumed to be correct. Oliver failed to present to us a sufficient record from which we can determine whether the trial court erred.  Accordingly, we affirm the trial court's judgment.

For these reasons, we affirm Oliver's convictions.

<u>Affirmed.</u>