COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, O'Brien and Senior Judge Clements
Argued at Alexandria, Virginia


CHRISTOPHER HOWARD MARRARO, II

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1635-16-4                          JUDGE ROSSIE D. ALSTON, JR.
                                                              JUNE 27, 2017

JANAE IRENE HAALAND


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

Trevor D. Anderson (Thomas P. Silis; Silis & Associates, PLLC,
on briefs), for appellant.

Maureen E. Danker (Ann N. Luu; Laura M. O'Brien; Kelly
Byrnes & Danker, PLLC, on brief), for appellee.


Christopher Howard Marraro, II (appellant) appeals the trial court's decision to "credit

[appellant] for [pre-tax] contributions as the equivalent of premium payments" so long as he does

not seek reimbursement from Janae Irene Haaland (appellee) "unless and until [appellant] has

fully funded the insurance for the year (or pays medicals up to the level of the annual funding)."

Specifically, appellant argues that the trial court ordered that the children's medical expenses not

covered by the "high-deductible" healthcare plan be paid "first from the Health Care Savings

Plan funded only by [appellant's] employer and [appellant's] pre-tax contribution before

[appellee] is required to pay any amount, without finding good cause or that the circumstances

warranted a deviation," contrary to Code § 20-108.2(D). We affirm the trial court's ruling

because the record is incomplete, and thus, insufficient for appellate review.

─────────────────────

*Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On September 22, 2014, the parties were divorced. Less than two years later, on February 24, 2016, appellant filed a motion to modify child support. The trial court held a hearing on the motion from August 1 to August 2, 2016. At the hearing, the parties stipulated that appellant's income was $115,000.

At the hearing, appellee testified that appellant pays $40 per month through his current employer for health insurance for the children. She also indicated that appellant had a health savings account (HSA), which was partially funded by his employer in the amount of $1,000 per year.

Appellant testified that with his new employer, he has a high deductible plan, meaning that the health insurance does not actuate until the deductible is met. Prior to meeting the deductible, appellant has to pay all out-of-pocket expenses. After the deductible is met, all medical expenses are covered through the insurance plan. The deductible for appellant's plan, at the time of the hearing, was $4,000 for "in network" medical expenses and $8,000 for "out-of-network" medical expenses. Appellant testified that his employer pays $1,000 toward the deductible. However, appellant noted that the $1,000 payout is paid incrementally, with a small amount paid during each pay period.

On cross-examination, appellant stated that his employer gives him a $1,000 payout because he enrolled for coverage for both himself and his children, whereas if the plan only covered him the payout would be cut to half or $500. Appellant also stated that he personally contributes $150 per paycheck to the HSA. The money that appellant contributes to the HSA comes from pre-tax dollars, and he also receives a tax benefit for having the HSA.

During cross-examination, appellant's counsel objected to opposing counsel testifying, and argued that appellant makes personal contributions every paycheck to the HSA account, and thus,

he should receive a credit for these contributions. Additionally, at the conclusion of the hearing appellant argued that he

> receive a credit . . . for the monies that he puts in to the . . . children's . . . fund, [appellee's] explanation of it just doesn't seem . . . right. It's, it's a fund that he puts the money in every month. His employer puts the money in every month. If the medical bills are . . . high in a particular year, there's no money left. If they're not, the money doesn't accrue and build, but there's no way of knowing that. . . . And [appellee] benefits from it. When he puts money into an, into that account and it gets covered based upon that money, she benefits. So they somehow . . . misrepresented in some way that . . . he's shifting the money to himself that he's going to benefit only. She will benefit from the fact that he puts his money in there. The children benefit.

On August 19, 2016, the trial court issued a letter opinion finding that a material change in circumstances warranted a modification of child support. In regard to health insurance costs, the trial court issued the following decision:

> Under Code § 20-108 (D), the parties must pay in proportion to their gross incomes, as used for calculating the monthly support obligation, any reasonable and necessary unreimbursed medical or dental expenses. [Appellant]'s health care plan includes pre-tax contributions. The Court is willing to credit [appellant] for those contributions as the equivalent of premium payments, but [appellant] cannot claim these payments from his pre-tax contributions as "unreimbursed" payments. That is, [appellant] cannot present a bill as "not reimbursed" unless and until he has fully funded the insurance for the year (or pays medicals up to the level of the annual funding).

> It is incumbent upon [appellant] to maintain complete records as to his medical contributions and payment of medical bills. When appropriate, [appellant] must present [appellee] with a demand for contribution, along with an itemized explanation as to why her obligations have kicked in, within a reasonable time, but not exceeding 90 days from the date of the last bill for which [appellant] seeks reimbursement.

Following the trial court's ruling, on September 2, 2016, appellant filed objections to the proposed order modifying child support. Therein, appellant argued that the proposed order erroneously failed to provide that the parties pay for any reasonable and necessary unreimbursed

medical or dental expenses for the children in proportion to their respective gross incomes. However, on September 6, 2016, the trial court entered an order modifying child support, ordering appellant to continue to maintain health insurance for the minor children, with the following conditions:

> [Appellant]'s employer provided healthcare plan also includes a pre-tax contribution, Health Savings Account ("HSA") plan that is presently funded by [appellant]'s employer and by [appellant]. Provided that [appellant] continues to participate in pre-tax contributions, the children's medical bills are covered by those pre-tax contributions and beyond the contributions, once exhausted, insurance will cover.
>
> [Appellant] shall not then claim the payments from his pre-tax contributions as "unreimbursed" payments. For example, [appellant] shall not present a bill as "non-reimbursed" unless and until he has fully funded the insurance for the year (or pays medicals up to the level of the annual funding). It is incumbent upon the [appellant] to maintain complete records as to his medical contributions and payment of medical bills.
>
> When appropriate, the [appellant] shall present the [appellee] with a demand for contribution, along with an itemized explanation as to why her obligations have kicked in, within a reasonable time, but not exceeding 90 days from the date of the last bill for which the [appellant] seeks reimbursement. At that time, all reasonable and necessary unreimbursed health or dental expenses shall be paid as they are incurred with the parties paying by their income shares, which are currently [appellant]: 64% and [appellee] 36%. Any amount paid under this provision shall not be adjusted by, nor added to any child support order.

This appeal followed.

ANALYSIS

"Our review of an appeal is restricted to the record." Oliver v. Commonwealth, 35 Va. App. 286, 296, 544 S.E.2d 870, 875 (2001) (citing Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986)). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open

court.  We may act only upon facts contained in the record." Id. at 296-97, 544 S.E.2d at 875 (quoting Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993)).

Rule 5A:25(c)(6) states that "[a]n appendix shall include . . . exhibits necessary for an understanding of the case that can reasonably be reproduced." See also Rule 5A:8(b) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered.").  "[N]ot more than ten days after [appellant's] designation [of the contents to be included in the appendix, if necessary,] is filed, counsel for appellee shall file with the clerk of the Court of Appeals a designation of any additional contents to be included in the appendix."  Rule 5A:25(d).

An appeal will be affirmed if an insufficient record is furnished.  Oliver, 35 Va. App. at 297, 544 S.E.2d at 875.  Further, "the [trial] court's judgment is presumptively correct and the burden is on the appellant to present a sufficient record to permit a determination whether the [trial] court committed an alleged error."  Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001).

Here, appellant has not provided the Court with the guideline worksheet supposedly used by the trial court in making its decision in this case.  Neither appellant's proposed guidelines nor the guidelines used by the trial court were provided in the appendix.  Appellee filed a designation with additional contents to be included within the appendix, however, appellee did not reference the guideline worksheets, and as a result, they were not added to the appendix.

The record in this case appears to reflect that the trial court was presented with guideline worksheets and calculations from the parties.  Additionally, both parties, and the trial court, spoke extensively about the guideline calculations during the course of the hearing.  Without these worksheets, appellant nevertheless asks this Court to make a determination based on the

trial court's ruling regarding unreimbursed medical expenses for the children. However, we cannot do so without the crucial information absent from the record. The absence of this information makes the record insufficient to permit us to determine if the trial court committed error in its ruling. Finally, and perhaps most problematic, is that this Court has no way of determining from the insufficient record what "credit" appellant requested from the trial court and what "credit" the trial court ultimately provided him with.

Under these circumstances, we cannot make a determination as to whether the trial court erred in "credit[ing appellant] for [pre-tax] contributions as the equivalent of premium payments" so long as he does not seek reimbursement from [appellee] "unless and until [appellant] has fully funded the insurance for the year (or pays medicals up to the level of the annual funding)." Thus, finding the record insufficient to support appellate review, we affirm the trial court's decision.

<u>Affirmed.</u>