COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Fulton

JACQUELINE D. DAVIS,
  AS ADMINISTRATOR OF THE ESTATE
  OF JAMES W. ROBERTSON, DECEASED

v.     Record No. 1066-22-3

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 3, 2023

LIBERTY RIDGE HEALTHCARE GROUP, LLC, T/A
  LIBERTY RIDGE HEALTH & REHABILITATION
  CENTER, ET AL.

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(Daniel B. Sweeney, on brief), for appellant.

(Nathan H. Schnetzler; Katherine C. Londos; Samuel T. Bernier;
Frith Anderson & Peake, P.C., on brief), for appellees.


Jacqueline D. Davis, acting as administrator of the estate of James W. Robertson, filed a

survivor's medical malpractice action against Liberty Ridge Health & Rehabilitation Center

(Liberty Ridge) following Robertson's death in January 2015. She appeals the trial court's entry of

a final order adopting an arbitration decision dismissing the estate's action after it failed to identify

expert witnesses. After examining the briefs and record in this case, the panel unanimously holds

that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). We affirm the judgment.

BACKGROUND

After Davis filed a medical malpractice action against Liberty Ridge, the trial court ordered

the parties to engage in arbitration pursuant to their agreement. The arbitration agreement between

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

the parties and the arbitrator provided that "[t]he Arbitration will be subject to the Federal Arbitration Act (9 U.S.C. § 1-16) and the Arbitration Act of the state in which the arbitration takes place." During arbitration, Liberty Ridge moved for summary disposition, asserting that Davis had failed to identify expert witnesses during discovery. The arbitrator granted the motion on March 14, 2022, and dismissed Davis's claim with prejudice.

Davis filed a petition in circuit court seeking to vacate the arbitrator's decision, asserting that the arbitrator had exceeded her powers and was guilty of misconduct that prejudiced the estate's rights. Liberty Ridge, in turn, filed a motion asking the circuit court to enter a final order with prejudice. In response to Liberty Ridge's motion, Davis asserted that the arbitrator was guilty of misconduct by ruling that "a medical doctor's opinion on causation of injury is required in a medical malpractice case," by refusing Davis an evidentiary hearing, and by granting summary judgment to Liberty Ridge without authority. The trial court held a hearing on June 7, 2022. Based on the parties' briefs and arguments at the hearing, the trial court granted Liberty Ridge's motion and denied Davis's petition. Davis appeals.

## ANALYSIS

"A circuit court's review of an arbitration award is limited to the specific statutory criteria contained in [Virginia's Uniform Arbitration] Act." *Meuse v. Henry*, 296 Va. 164, 180 (2018) (quoting *Signal Corp. v. Keane Fed. Sys.'s, Inc.*, 265 Va. 38, 45 (2003)). "Therefore, a circuit court's denial of an application to vacate an arbitration award under the Act presents a question of statutory interpretation, which we review de novo." *Id.* "[T]he party attacking an arbitration award 'bears the burden of proving the invalidity of the award.'" *Id.* (alteration in original) (quoting *Bates v. McQueen*, 270 Va. 95, 100 (2005)).

Davis asserts that the trial court erred by affirming the arbitrator's award because the award "resulted from an arbitration proceeding that did not comply with the agreed upon rules of

arbitration, or . . . the Virginia Uniform Arbitration Act" and "[t]he arbitrator abused her discretion . . . by dismissing the arbitration prior to holding an arbitration hearing." She maintains that "[a]n arbitration may not be dismissed on motion" and that the hearing on Liberty's Ridge's motion was not "an arbitration hearing" as contemplated by Code § 8.01-581.04. Further, Davis contends that the trial court erred by "failing to vacate" the arbitrator's order requiring expert witnesses in her medical malpractice action, in violation of Code § 8.01-581.12 and the Virginia Uniform Arbitration Act, Code § 8.01-581.01 et seq.

"Our review of an appeal is restricted to the record." *Oliver v. Commonwealth*, 35 Va. App. 286, 296 (2001). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1185 (1991) (citation omitted). Rule 5A:8(a) requires that, for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with Rule 5A:8(c). If the appellant fails to "ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

The record does not include a transcript of the June 7, 2022 hearing in which the trial court considered the parties' respective motions. Moreover, although the trial court's order does not state the specific grounds for its ruling, it nevertheless provides that it reached its decision after "[h]aving considered the [p]arties' written submissions . . . and the argument of counsel" at the June 7, 2022 hearing. Indeed, Davis cites the transcript as one of the places in the record where she preserved her assignments of error. Given these circumstances, we conclude that a transcript or a written statement of facts is indispensable to a determination of Davis's assignments

of error.[1]  Without a transcript, we cannot ascertain the basis for the trial court's decision; nor can we determine whether Davis presented specific arguments at the hearing beyond those raised in her pleadings below or those before us on appeal.  *See Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (declining to consider arguments raised on appeal because arguments raised below "[we]re wholly contained within the untimely-filed transcript and are indispensable to the determination of th[e] issue . . . on appeal"); Rule 5A:18 (an appellate court will only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent or contradictory positions during the course of litigation).

Davis failed to ensure that the record contains the material necessary to permit this Court to resolve the assignments of error she presents on appeal.  See Rule 5A:8(b)(4)(ii).  Therefore, we cannot consider them and affirm the trial court's judgment.[2]  *See Browning v. Browning*, 68 Va. App. 19, 30 (2017) (holding that a Rule 5A:8 error requires affirmance rather than dismissal because it is non-jurisdictional).

---

[1] Davis initially filed a written statement of facts in lieu of a transcript with the trial court. However, that written statement of facts was never endorsed by the trial court, and Davis seemingly abandoned that statement.  Further, appellees filed a motion in this Court seeking an extension of time to file the June 7, 2022 transcript.  That motion was timely, pursuant to Rule 5A:8(a), and sought to extend the deadline to file the transcript to September 1, 2022.  This Court granted that motion.  The record demonstrates, however, that the transcript was not filed with the trial court until September 6, 2022.  Therefore, the transcript was untimely.  In coming to this conclusion, we note the somewhat odd disposition of this scenario; nevertheless, we are guided by the principle that it is the *appellant's* burden to provide this Court with a sufficient record on which to decide an appeal.  *Jenkins*, 12 Va. App. at 1185.

[2] Given our ruling, we need not address Liberty Ridge's argument that the appeal should be dismissed under Rule 5A:1A(a) because Davis failed to comply with Rule 5A:25 by designating assignments of error following transmission of the electronic record.  *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) ("As we have often said, 'the doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available.'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*